STOMBAUGH *v*. PEERLESS WIRE FENCE CO.

MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—DISEASE
—ACCIDENT.

The death of a servant due to the breaking of an auricle in
his heart while he is engaged in unaccustomed, heavy lift-
ing is the result of exercise and not of accident where
deceased had suffered from chronic heart disease and the
wall of the auricle which burst was in a thin condition
and liable to break by exertion.[1]

Certiorari to Industrial Accident Board. Submitted
June 14, 1917. (Docket No. 49.) Decided September
27, 1917.

Florence Stombaugh presented her claim for com-
pensation against the Peerless Wire Fence Company
for the accidental death of her husband in defendant's
employ. From an order awarding compensation, de-
fendant and the Employers' Liability Assurance Cor-
poration, insurer, bring certiorari. Reversed, and
award set aside.

*Frederick T. Witmire (Charles A. Wagner,* of coun-
sel), for appellants.

*Henry I. Bourns,* for appellee.

OSTRANDER, J.   It was found by the industrial acci-
dent board that Edwin Stombaugh, on May 13, 1916—

"received an accidental injury, namely, rupture of the
right auricle of the heart, arising out of and in the
course of his employment, which produced death. That
the work he was doing for respondents on the day and
at the time of death was, to Mr. Stombaugh, heavy
and hard work. That he was not used to this heavy
work and exertion. That the work he was doing for

[1]On construction and effect of workmen's compensation acts
generally, see comprehensive notes in L. R. A. 1916A, 23; L. R.
A. 1917D, 80.

respondents at the time of death, and prior thereto, required him to strain, lift, pull, and lower heavy rolls of wire weighing 150 to 160 pounds, from their place in the tier in the car, and at the time of death, about chest high, to the floor, and then roll them to the car door, a distance of about five feet, and into the chute.

"That this straining, lifting, pulling, and handling these heavy rolls of wire weighing 150 to 160 pounds on the average, together with the weakened and thinned condition of the wall of the heart, we are convinced, caused the wall to part and the rupture of the right auricle of Mr. Stombaugh's heart and his death."

All of the foregoing, taken from the opinion of the board, is sustained by some evidence, excepting only the conclusion that there was an *accidental injury*, which conclusion is wholly unsupported by evidence. The man died while doing the work he agreed to do, in the way he intended to do it. The exercise accounts for his death, and if he had been informed about the condition of his heart, he must have known that death was likely to result, at any time, from any considerable physical exercise. There is no evidence of mischance or miscalculation in what was being done, none of anything fortuitous or unexpected in the manner of doing it. There is undisputed evidence that he had a chronic trouble—disease—of the heart, of long standing, the wall of one auricle being so thin that "any exertion at all might have been the cause of its breaking." Death was merely hastened by the exertion. The distinction between this case and *Schroetke* v. *Jackson-Church Co.,* 193 Mich. 616 (160 N. W. 383), is clear. The case, however, cannot be distinguished from *Van Gorder* v. *Motorcar Co.,* 195 Mich. 588 (162 N. W. 107), and

The award must be set aside.

KUHN, C. J., and STONE, BIRD, MOORE, STEERE, BROOKE, and FELLOWS, JJ., concurred.