JOHNSON *v.* MARY CHARLOTTE MINING CO.

MASTER AND SERVANT — WORKMEN'S COMPENSATION ACT — "ACCI-
DENT"—"DISEASE"—PROXIMATE CAUSE—EVIDENCE.

> The proximate cause of the death of a laborer who was
> employed at unloading a car of ties on a coal trestle, and,
> after removing some ties which had lodged on the running
> board of the trestle, slipped and fell while climbing back
> on the car, and was found dead on the coal pile a few
> feet under the trestle with superficial scratches and bruises
> on his face, was not due to his work, where such work
> was his usual work, and he had previously been afflicted
> with heart disease and an examination disclosed that he
> died of such disease and his condition was such that he
> might have died while lying quiet.[1]

Certiorari to Industrial Accident Board. Submitted
October 16, 1917. (Docket No. 139.) Decided De-
cember 27, 1917.

Annie Johnson presented her claim for compensa-
tion against the Mary Charlotte Mining Company for
the accidental death of her husband in defendant's
employ. From an order awarding compensation, de-
fendant brings certiorari. Reversed.

*M. J. Kennedy,* for appellant.

*T. A. Thoren,* for appellee.

The husband of the claimant, Carl O. Johnson, met
his death March 30, 1916, at the mine of the respond-
ent, where he had been employed as a surface laborer.
The deceased was 57 years of age, and for a consid-
erable period of time, beginning in the early spring of

[1]On construction and effect of workmen's compensation acts,
generally, see comprehensive note in L. R. A. 1916A, 23, L. R.
A. 1917D, 80.

1915 and until the latter part of August of that year, was confined to his home, and a part of that time to his bed, suffering from organic heart trouble; his condition being described as a leakage of the valves of the heart.  On the day of his death, and on the preceding day, he was at work unloading a car of ties on a coal trestle.  The trestle, at the point where the car stood upon it, was about 10 feet from the ground. Beneath the trestle there was some coal, which had been piled up so that the platform of the car was about 8 or 9 feet from the top of the coal pile.  On the top of the trestle a platform or running board was built, and it was about 4 feet from this running board to the platform of the car.  Johnson and another employee were engaged in unloading ties, weighing from 75 to 80 pounds, from the car.  It appears that some of the ties which had been thrown off the car had lodged on the running board, and Johnson climbed down from the car to the running board and threw a number of the ties from the running board onto the pile below.  After he had completed this work, he turned to climb back onto the car.  As he was in the act of going up, he was seen to slip and fall, and was found on the coal pile about $3\frac{1}{2}$ to 4 feet below the track.  There were bruises over his eye and on the side of his cheek.  There is some dispute in the testimony as to where Johnson was found after the accident, the testimony introduced by the appellant tending to show that Johnson sank down on the running board, while the testimony of the appellee's witnesses shows that Johnson was found on the coal below between the stringers supporting the trestle.

Two physicians were sworn as to the cause of the death, and both testified that the deceased died because of heart failure.  An award was made by the industrial accident board, and the cause is brought here by certiorari to review the action of the board.

KUHN, C. J. (*after stating the facts*). It is the contention of claimant's counsel that the work the decedent was doing at the time that he met his death was hard and laborious, and that it would be impossible to say that this hard work, done just prior to his death, was not the proximate cause thereof. The testimony of the physicians showed that in the condition that the decedent was in, death might have come to him while lying quiet, even while taking a breath. We are not satisfied that this record discloses, or that there is any evidence to warrant the claim, that any accident occurred or that anything unforeseen or unexpected happened in the performance of his work at the time in question. The deceased was doing the work which he had been engaged to do, in the usual way. The evidence is conclusive that when stricken with heart failure, he collapsed and sank, or fell, and sustained superficial scratches or bruises on his face, which are not claimed to have contributed in any way to his death. The case of *Schroetke* v. *Jackson-Church Co.*, 193 Mich. 616 (160 N. W. 383, L. R. A. 1917D, 64), is relied upon by the claimant. We are, however, of the opinion that that case is distinguishable from the situation now before us, as it was made clearly to appear that there was in that case an unexpected and fortuitous event, viz., the fire which the deceased attempted to extinguish, and as a result of his efforts to that end and to give an alarm, and of the attendant excitement, he died of heart failure. In that case the court said:

"In the instant case the whole circumstance, including the fire, the overexertion and the excitement of the deceased, may be said to have been an accident. It was certainly a fortuitous circumstance."

The case of *Kutschmar* v. *Briggs Manufacturing Co.*, 197 Mich. 146 (163 N. W. 933), is more similar to the case before us. There the employee as in the case

at bar, was engaged at the moment of his injury in his usual and ordinary employment and in the usual and ordinary way.

It not having been made to appear that at the time claimant's decedent met his death any fortuitous or unusual circumstance occurred, it follows that there is no evidence of an accident, and that the board erred in so holding and in awarding compensation, which can be only awarded for accidental injury by the terms of the act. *Stombaugh* v. *Wire Fence Co.,* 198 Mich. 445 (164 N. W. 537); *Van Gorder* v. *Motorcar Co.,* 195 Mich. 588 (162 N. W. 107).

The judgment is reversed.

STONE, OSTRANDER, BIRD, MOORE, STEERE, BROOKE, and FELLOWS, JJ., concurred.