TACKLES *v.* BRYANT & DETWILER CO.

1. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—PERSONAL INJURIES—ACCIDENTAL INJURY.

   Before an employee is entitled to recover compensation, under the workmen's compensation law, he must establish the fact that he received an accidental injury which arose out of, and in the course of, his employment.

2. SAME—ACCIDENTAL INJURY—HERNIA.

   Where plaintiff, while performing his usual duties as a civil engineer, helped another employee to lift a heavy block of timber weighing about 200 pounds, as he was accustomed to do whenever necessary, and he did not slip or fall, nor did the timber which he was lifting strike him, and nothing out of the ordinary happened, but, while lifting, he felt a severe burning pain in his right groin, and he continued with his usual duties for a period of about ten days, when he noticed a large swelling at or about the place where he had felt the burning pain, and, on calling a physician, learned that he was suffering from an inguinal hernia, *held,* that plaintiff did not receive an accidental injury within the meaning of the workmen's compensation law.

Certiorari to Industrial Accident Board.  Submitted January 8, 1918.  (Docket No. 3.)  Decided March 27, 1918.

Charles E. Tackles presented his claim for compensation against the Bryant & Detwiler Company for injuries received in defendant's employ.  From an order awarding compensation, defendant and the Zurich General Accident & Liability Insurance Company, Limited, insurer, bring certiorari.  Reversed.

*Ivin E. Kerr,* for appellants.

*E. D. Alexander,* for appellee.

STONE, J.  Certiorari from an order of the industrial accident board awarding compensation to the claimant as follows:

"The sum of one-half the difference between his average weekly wages before the injury, and his average weekly wages which he is able to earn thereafter, during entire period of disability fixed by the statute, and the amount that said claimant is entitled to receive and recover shall be determined by the industrial accident board from time to time, if the parties hereto are unable to agree upon the amount."

The facts in the case are not in dispute, and are in accordance with a stipulation of the parties as follows:

"Whereas, application for adjustment of claim was duly filed by above named applicant and the case brought on for hearing before a committee of arbitration, under date of October 21, 1915, at the Wayne county building, city of Detroit, county of Wayne, State of Michigan, and,

"Whereas, stenographer who took the testimony is unable to furnish the industrial accident board with the transcript of same because her notes have been either lost or destroyed.

"Now, therefore, it is hereby stipulated and agreed by and between the parties in above entitled cause,

by their present respective attorneys, that the following constitute the facts as given in evidence before the arbitration committee heretofore mentioned:

1. "That on or about the 2d day of December, 1914, one Charles E. Tackles, applicant herein, was an employee of the Bryant & Detwiler Company, a corporation which has become subject to the terms of the workmen's compensation law, so-called, and at that time both the parties hereto were subject to said law.

2. "That on said day, about 2 o'clock p. m., while said applicant herein was performing his usual duties connected with his employment as a civil engineer, it became and was necessary for him, with the assistance of another, to lift a heavy block of timber, weighing approximately two hundred (200) pounds.

3. "That at the time of lifting said timber the applicant herein felt a sharp burning pain in his right groin; that he continued with his usual duties for a period of about ten days, when he first noticed a large swelling at or about the place where he had felt the burning pain; that thereupon he called upon one Dr. George Palmerlee, a physician duly licensed to practice in the State of Michigan, and ascertained from him that he the applicant herein, was suffering from a right inguinal hernia.

4. "That thereupon within three weeks subsequent to the accident, the applicant herein called upon one Mr. Mason, the claim adjuster for the Zurich Insurance Company, who were at that time carrying the compensation risk for the said Bryant & Detwiler Company, and during the course of the conversation the applicant herein mentioned the fact that he had been advised by this physician that his hernia could only be cured by an operation, and that while said Mason made no specific promise to bear the expenses of the operation, the applicant herein requested that he be allowed to continue with his work before submitting to an operation, the request being on the ground that the Bryant & Detwiler Company were badly in need of his servces at that time.

5. "That the applicant thereafter made repeated demands on said Mason that the Bryant & Detwiler Company pay the expense of the operation and compensation for such period as he might be disabled as a re-

sult of said operation, but that said Mason refused to do so upon the grounds that there was no liability.

6. "That said applicant herein had never, previous to the said second day of December, 1914, suffered from any pain or hernia in or about the right groin or inguinal canal and had not sustained any accident since this 2d day of December, 1914, affecting said right groin or right inguinal canal.

7. "That at the time the applicant herein felt the severe pain in his side, when lifting said heavy weight, he did not slip or fall, nor did the timber which he was lifting strike him; as a matter of fact, nothing out of the ordinary happened, except that the injured man was lifting unusual heavy timber and that he had lifted such timbers before, when other help was not available. Injured man has remained at work continuously since said accident.

8. "That at the time of said accident he was earning twenty-two dollars and fifty cents ($22.50) per week, and on April 5 he received an increase in salary to twenty-six dollars ($26.00) per week."

Appellant's first assignment of error is to the effect that the board erred in holding that claimant received an accidental injury arising out of, and in the course of, his employment, which would entitle him to compensation under the terms and provisions of the compensation law.

It is urged by appellants that the said order was wholly unauthorized, because the record conclusively shows that claimant's alleged injury was not the result of an accident.

It is well settled by our decisions that, before an employee is entitled to recover compensation, he must establish the fact that he received an accidental injury, which arose out of, and in the course of, his employment. *Adams* v. *Color Works,* 182 Mich. 157.

The facts which are material for the determination of this question, in the instant case, are found in paragraphs 2, 3, and 7 of the stipulation.

200—Mich.—23.

It will be noted that while claimant was performing his usual duties, connected with his employment as a civil engineer, it became necessary, with the assistance of another, to lift a heavy block of timber weighing approximately 200 pounds; also that he felt a severe pain in his right groin while lifting, that he did not slip or fall, nor did the timber which he was lifting strike him. Nothing out of the ordinary happened, because he had lifted such timbers before, when such action was necessary in the performance of his duties; and down to the time of the hearing he had remained at work continuously. It seems to us that these facts conclusively show that claimant did not receive an accidental injury within the meaning of the act. We are of the opinion that the question here at issue was squarely determined in the case of *Kutschmar* v. *Manufacturing Co.*, 197 Mich. 146.

In that case the injury complained of was, also, a hernia. There the claimant testified:

"I lifted this beam often, about 90 or 100 times a day. This time I say I was hurt, I did not fall or stumble when I lifted the beam. I picked it right up, and something snapped in my side. I did not fall or stumble. There was nothing unusual about it. The beam was about 1½ inches thick, 3 feet long and weighs about 90 pounds."

In that case Mr. Justice BROOKE said:

"In the case at bar it conclusively appears from the claimant's own testimony that he received no accidental injury. He was engaged at the moment of his injury in his usual and ordinary employment, and in the usual and ordinary way. In the course of such employment it was his duty to lift the iron bar once in about every 15 minutes, about 90 or 100 times a day. We are of opinion that an employee who receives an injury in the nature of a hernia, while engaged in his usual and ordinary employment, without the intervention of any untoward or accidental happening, is not within the provisions of the compensation act, which

as we have held provides compensation for accidental injury only."

See, also, *Van Gorder* v. *Motorcar Co.*, 195 Mich. 588; *Stombaugh* v. *Fence Co.*, 198 Mich. 445; *Johnson* v. *Mining Co.*, 199 Mich. 218.

The instant case is readily distinguished from *Schroetke* v. *Jackson-Church Co.*, 193 Mich. 616, and like cases. It is not necessary to consider the other question presented.

The award must be set aside and the case reversed.

OSTRANDER, C. J., and BIRD, STEERE, BROOKE, and KUHN, JJ., concurred with STONE, J.

FELLOWS, J. I am persuaded that upon principle this case does not differ in any way from that of *Roach* v. *Wheel Co.*, *ante*, 299. In that case a majority of my Brethren agreed that there was no liability. For this reason I acquiesce in the reversal of the award in this case.

MOORE, J., concurred with FELLOWS, J.