PERKINS v. JACKSON CUSHION SPRING CO.

MASTER AND SERVANT — WORKMEN'S COMPENSATION ACT — ACCIDENTAL INJURY.

Where an employee was engaged in putting strips in metal frames by the use of a pair of pliers, and a bone felon developed from the use of the pliers by reason of the fact that shorter pieces than usual were being used and required the exertion of greater strength to put them in place, but there was no abrasion of the skin, and no evidence of any blow or any untoward or accidental happening producing said injury, it was not an accidental injury within the meaning of the workmen's compensation act.

Certiorari to Industrial Accident Board. Submitted April 8, 1919. (Docket No. 5.) Decided May 29, 1919.

As to what are "accidental injuries" within the meaning of workmen's compensation acts, see notes in L. R. A. 1916A, 29, 227; L. R. A. 1917D, 103.

Claude H. Perkins presented his claim for compensation against the Jackson Cushion Spring Company for injuries received in defendant's employ. From an order awarding compensation, defendant and the General Accident, Fire & Life Assurance Corporation, Limited, bring certiorari. Reversed, and award vacated.

*Kerr & Lacey,* for appellant.

FELLOWS, J. Defendant Jackson Cushion Spring Company is an employer of labor operating under the employers' liability act with defendant General Accident, Fire & Life Assurance Corporation, Ltd., as its insurer. They here contest an award of $45 for disability and $26 for hospital and medical expenses allowed to claimant who had worked for the employer for nearly six years. Claimant's work consisted in putting strips in metal frames by the use of a pair of pliers. In this work a bone felon developed, resulting in disability for six and one-half weeks, and necessitating hospital and medical expenses to the amount of $26. The testimony shows that the strips were shorter than usual and required the exertion of more strength to put them in place. There was no abrasion of the skin resulting in infection but the infection developed between the bone and periosteum, the covering of the bone. This might have resulted from a blow or by continued pressure. There was no evidence of a blow. Was this an "accident" within the meaning of the act? I am unable to distinguish this case upon principle from that of *Roach* v. *Kelsey Wheel Co.,* 200 Mich. 299. In that case the workman was employed in tearing down brickwork from around a boiler. The place had a temperature of 136 degrees. The workman suffered a heat stroke resulting in death. A majority of the court entertained the view that the workman—

"Was doing the work which he and his associates

were employed to do exactly in the manner they expected to do it"

—and upon the authority of *Kutschmar* v. *Briggs Manfg. Co.*, 197 Mich. 146 (L. R. A. 1918B, 1133), and *Johnson* v. *Mining Co.*, 199 Mich. 218, vacated the award. On the same day the *Roach Case* was decided opinions in *Tackles* v. *Bryant & Detwiler Co.*, 200 Mich. 350, and *Guthrie* v. *Detroit Shipbuilding Co.*, 200 Mich. 355, to the same effect were handed down. In the case of *Kutschmar* v. *Briggs Manfg. Co.*, *supra*, Mr. Justice BROOKE, speaking for the court, said:

"We are of opinion that an employee who receives an injury in the nature of a hernia, while engaged in his usual and ordinary employment, without the intervention of any untoward or accidental happening, is not within the provisions of the compensation act, which as we have held provides compensation for *accidental* injury only."

In the case of *Adams* v. *Color Works*, 182 Mich. 157 (L. R. A. 1916A, 283, Ann. Cas. 1916D, 689), it was said in the unanimous opinion of the court, written by Mr. Justice STONE:

"We are of opinion that in the Michigan act it was not the intention of the legislature to provide compensation for industrial or occupational diseases, but for injuries arising from accidents alone."

See, also, *Stombaugh* v. *Peerless Wire Fence Co.*, 198 Mich. 445.

In the instant case the workman was doing the work he was employed to do, had done for nearly six years, in the way he was employed to do it, and in the way it had been done by him for a long time. That the work done by a laborer one day is harder than on other days is not an accident within the meaning of the act. There is no evidence in the record of the intervention of any untoward or accidental happening producing the injury. There was no blow or sudden

strain.   The felon was developed by the continuous use of the pliers.

Under the authorities cited we are constrained to reverse the case.

BIRD, C. J., and OSTRANDER, MOORE, STEERE, BROOKE, STONE, and KUHN, JJ., concurred.