CHIEF CONSOL. MINING CO. et al. v. SALISBURY et al.

No. 3859. Decided November 24, 1922. (210 Pac. 929.)

1. MASTER AND SERVANT—FINDINGS IN COMPENSATION CASE MUST REST ON SUBSTANTIAL COMPETENT TESTIMONY. In workmen's compensation proceeding, the finding of the Industrial Commission must be supported by some substantial competent testimony, either direct and positive, or reasonable conclusions legally deducible from facts proven.

2. MASTER AND SERVANT—FINDING ACCIDENT ACCELERATED DISEASE CAUSING DEATH HELD NOT SUSTAINED. The finding of the Industrial Commission that the accident accelerated the chronic disease of the heart from which the employee suffered, and that as a result thereof the employee died, will not be sustained, where the only evidence was the opinions of physicians who stated that the accident might have had such effect, but who did not state positively that such was the case.[1]

---

[1] *Pinyon Queen Min. Co. & State Ins. Fund* v. *Ind. Com.*, 59 Utah, 402, 204 Pac. 323; *Tintic Milling Co.* v. *Ind. Com.*, 60 Utah, 14, 206 Pac. 278; *Spring Canyon Coal Co.* v. *Ind. Com.*, 58 Utah, 608, 201 Pac. 173.

Original proceeding by the Chief Consolidated Mining Company, employer, and the London Guaranty & Accident Company, insurer, against Mrs. Clarence Salisbury and the Industrial Commission of Utah to review proceedings of the Commission awarding compensation to Mrs. Clarence Salisbury under the Workmen's Compensation Act (Comp. Laws 1917, §§ 3061-3165) for the death of her husband, Clarence Salisbury.

AWARD OF COMMISSION ANNULLED.

*Booth, Lee, Badger & Rich,* of Salt Lake City, for plaintiffs.

*Harvey H. Cluff,* Atty. Gen., and *J. Robert Robinson,* Asst. Atty. Gen., for defendants.

GIDEON, J.

Review of proceedings of the Industrial Commission awarding compensation to the defendant Mrs. Clarence Salisbury, as the widow, and as guardian of her minor children, for the death of her husband, Clarence Salisbury.

Death occurred on January 26, 1922. It appears without dispute that the accident claimed to have contributed to the cause of death happened on July 29, 1921. The deceased, at the time was an employee of the Chief Consolidated Mining Company, one of the plaintiffs.

The Commission found:

"The decedent was afflicted with a chronic disease of the heart, and also high blood pressure; that as a result of the injury sustained on the 29th day of July, 1921, the chronic disease of the heart was accelerated, causing his death on the 26th day of January, 1922."

This finding is challenged. It is insisted by plaintiffs that there is no substantial evidence in the record to support a finding that the injury or accident in any way accelerated the diseased condition of the heart or in any way hastened or produced the cause of death.

The family physician of the decedent was a witness before the Commission; also, four other physicians. These witnesses were examined as experts and were asked for their opinions as to whether the accident in any way contributed to or caused the death of the deceased.

It is not contended that the deceased died from the effects of the accident. It is, however, claimed on the part of the applicant that the accident accelerated the chronic condition of the heart and that because of that death resulted. There is no positive or direct statement on the part of any of the physicians testifying that in their judgment the accident did accelerate the disease which caused death or that it was in any way responsible for the death. There is much testimony that the accident might have had that effect, but there is no positive statement that in the judgment of the experts testifying it did or could have; nor is there any fact proven from which it might legally or reasonably be deduced that the accident did accelerate the disease. It is conclusively shown that the deceased was afflicted with leakage of the heart; some of the physicians testified to a chronic disease of the heart. It is the testimony of all the physicians that that condition would sooner or later result in death, especially in case of one engaged in the arduous labor of mining in a high altitude.

The Industrial Commission was represented at the oral argument by the Assistant Attorney General. That attorney stated to the court that he was unable to find any substantial evidence in the record to support or justify the finding of the Commission that the accident in any way contributed to or accelerated the disease which caused the death of the decedent. In our judgment the record contains no substantial testimony in support of the finding of the Commission above quoted.

The finding of the Commission upon which an award is based must be supported by some substantial competent testimony, either direct and positive, or reason-

able conclusions legally deducible from facts proven. No authority holds to the contrary.

There is no testimony in the record upon which to base a finding that the accident accelerated the diseased condition of the heart, unless such fact can be deduced from the testimony of the physicians. A summary of the testimony of all the physicians is concisely stated by one of them, Dr. Felts, in the following words:

> "We know this, that, in these chronic heart cases, sooner or later a man is going to develop just the symptoms that Mr. Salisbury developed, and very frequently the heart seems to compensate itself again to a certain extent, and sometimes they get around for a while, and sooner or later these symptoms come on again more exaggerated and the heart begins to fail and never does come back again, and in that way it finally produces death of the patient. Now what I think is this: That this condition was going to develop in Mr. Salisbury, no matter what he did. Now the accident may have precipitated it a little sooner, but as to say definitely whether it did or not I wouldn't be able to say that for sure."

The plaintiffs, petitioners in this court, have cited in support of their petition, among others, the following authorities: *Pinyon Queen Min. Co. & State Ins. Fund* v. *Ind. Com.*, 59 Utah, 402, 204 Pac. 323; *Tintic Milling Co.* v. *Ind. Com.*, 60 Utah, 14, 206 Pac. 278; *Spring Canyon Coal Co.* v. *Ind. Com.*, 58 Utah, 608, 201 Pac. 173; *Peterson & Co.* v. *Ind. Board*, 281 Ill. 326, 117 N. E. 1033; *Ideal Fuel Co.* v. *Ind. Com.*, 298 Ill. 463, 131 N. E. 649; *Springfield Dist. Coal Min. Co.* v. *Ind. Com.*, 303 Ill. 455, 135 N. E. 789; *Lawrence Ice Cream Co.* v. *Ind. Com.*, 298 Ill. 175, 131 N. E. 369; *Stombaugh* v. *Peerless Wire Fence Co.*, 198 Mich. 445, 164 N. W. 537; and *Johnson* v. *Mary Charlotte Mining Co.*, 199 Mich. 218, 165 N. W. 650.

It follows from what has been said that the award of the Commission must be annulled. It is so ordered.

CORFMAN, C. J., and WEBER, THURMAN, and FRICK, JJ., concur.