HEIRS OF PEDRO PARÍS PARILLA ETC., Petitioners, *v.* INDUSTRIAL COMMISSION OF PUERTO RICO, Defendant.

No. 19. Argued November 29, 1937.—Decided December 22, 1937.

*Angel A. Vázquez* for petitioner. *B. Fernández García, Attorney General, E. de Aldrey, Assistant Attorney General, Luis Negrón Fernández* and *G. Atiles Moreu* for defendant.

Mr. Justice Wolf delivered the opinion of the Court.

The heirs of Pedro París Parrilla presented a claim to the Manager of the State Fund to recover compensation on account of the death of said Pedro París Parrilla while he was working on one of the docks of the Bull Insular Line. The Manager of the State Fund decided that the death of the workman was not due to any accident suffered while in the course of his employment, and this decision was confirmed by the Industrial Commission on appeal.

The deceased was a regular laborer of the Bull Insular Line. He had done some work on the morning of the day of his death. In the afternoon of that day he and other laborers were instructed to move a large box weighing about 1200 pounds. While engaged in turning over the said box Pedro París Parrilla fell to the ground and died within a few minutes. Before the Industrial Commission, expert medical testimony was admitted to show that the death was due to cardiac trouble and not directly to the alleged accident.

The appellants assign two errors. The first relates to the undue consideration by the Industrial Commission of a certificate prepared by Dr. Koppisch of the School of Tropical Medicine. This certificate showed that Dr. Koppisch had made a microscopic examination of the heart, lungs, and other organs, of the deceased. His report tended to show that the death was due exclusively to aortic stenosis and not to the labor to which the deceased had been put or to the fall. There was another doctor, Dr. Espinosa, present at the time of the microscopic examination. The latter gave testimony tending to show that the death of París Parrilla was due to the condition of his heart and not to the accident. So that the report of Dr. Koppisch, perhaps erroneously taken under advisement by the Commission, was not the only testimony and its use by the Commission should be considered harmless.

The second assignment of error goes to the root of the case. The appellants insist that the accident was the

proximate and immediate cause of the death of the laborer. They contend that the death was directly due to the fall.

The essential words of the applicable act are:

"Section 2.—The provisions of this Act shall be applicable to all such workmen and employees working for the employers to whom the following paragraph refers, as suffer injury, are disabled, or lose their lives by reason of accidents caused by any act or function inherent in their work or employment, when such accidents happen in the course of said work or employment, and as a consequence thereof; or such as suffer disease or death caused by the occupations specified in the following section. . . . " (Act No. 45 of 1935, Laws, p. 250, 252.)

The most conspicuous words for our purposes are "as a consequence thereof."

The Industrial Commission cites a number of cases *in pari materia* where, under similar circumstances, tribunals have held that a death must be ascribed to the diseases and not to the work to which the laborer was put. *Stornbaugh* v. *Peerless Wire Fence Co.*, 164 N. W. 537, 15 N.C.C.A. 635; *Collins* v. *Brooklyn Union Gas Co.*, 171 N. Y. App. Div. 381, 156 N. Y. S. 937, 15 N.C.C.A. 647; *Lyons* v. *Fox New England Theatres,* (Conn.) 153 Atl. 778 (1931). Schneider Workmen's Compensation Law, Vol. 1, Second Edition, pages 596 to 597. *Thackway* v. *Connelly & Sons,* 3 B.W.C.C. 37, 8 N.C.C.A. 106; *Carter* v. *Llewellyn Iron Works,* 2 Cal. I.A.D. Dec. 971. Honnold on Workmen's Compensation, Vol. 1, page 497. We are inclined to agree.

Of course, it may be conceded that the laborer might not have died on the same day if he had not been put to the work of helping to turn over the box. Our answer to this is that the field of cases where a man would die under these circumstances is relatively small. The appellants, as we have seen, do not enter into all these considerations, but given the words of the Act we do not feel that we can say that the death of París Parrilla was the result of an accident "caused by any act or function inherent in" his "work or employment."

The decision of the Industrial Commission should be affirmed.

Mr. Justice Hutchison and Mr. Justice Córdova Dávila took no part in the decision of this case.