GENERAL MILLS, Inc., et al. v. INDUSTRIAL COMMISSION, et al.

No. 6192.   Decided Sept. 13, 1940.   (105 P. 2d 340.)

*DeVine, Howell & Stine* and *Neil R. Olmstead,* all of Ogden, and *Shirley P. Jones,* of Salt Lake City, for plaintiffs.

*Joseph Chez,* Atty. Gen., and *Dan B. Shields* and *George G. Armstrong,* both of Salt Lake City, for defendants.

WOLFE, Justice.

Certiorari to the Industrial Commission to test out the question of whether there is any evidence that Marius Hansen died as a result of injuries caused by an accident arising out of or in the course of his employment. The Commission held that he did and made an award in favor of Olga Lassen Hansen, his widow.

At the first hearing held June 5, 1939, at Ogden, plaintiffs' attorneys stipulated that deceased suffered an injury by reason of an accident arising out of or in the course of his employment with the Sperry Flour Company. The application of the widow stated that her husband was "driving south of Payson, Utah, on highway 91 when rounding a curve in the road struck an icy place on the road causing the car to leave the highway and throwing Mr. Hansen against the steering wheel and windshield." Investigation evidently revealed that if the accident occurred on the trip taken on said day it occurred while deceased was

working for the Sperry Flour Company (trade name for Western division of General Mills, Inc.). The only issue, therefore, at the first hearing was whether death resulted from the accident. Between the hearing of June 5 and that of July 26, 1939, plaintiff received information which made it conclude that it had admitted a fact which was not so; that the accident occurred, not in the course of deceased's employment but while on a venture of his own, and did not happen on March 17, 1938, as contended by Mrs. Hansen and as stated in her application, but happened on March 20, 1938—a Sunday—while he was driving with a young lady near Sigurd, Utah.

The plaintiff on July 26, 1939, at the second hearing asked for time to produce a witness who would testify that she was driving with deceased on March 20, 1938, when his car was struck by another auto. The case was continued to July 27th and such witness—a Miss Peterson—was produced. She testified that on Sunday, March 20th, an oppositely moving car had hit the left front wheel and fender of deceased's car while he was attempting to avoid it by getting off the highway; that it "gave them a terrible jolt." She also testified that Hansen complained of a "terrible lump on his stomach" and afterwards of a "pain in his chest;" that he had not complained of either previously during the time which she had been with him on the Thursday or Friday before the Sunday accident.

Plaintiff contends that the stipulation and admission made at the hearing of June 5, 1939, were withdrawn and that the Commission by continuing the hearing of July 26 to July 29, 1939, in effect permitted such withdrawal; that consequently there is no evidence in the record that the accident occurred in the course of the employment. We think the stipulation must be considered as withdrawn or completely negated, whichever concept best suits the reader. In compensation cases stipulations as to jurisdictional facts are to be encouraged. Such stipulation shortens the proceedings and take from applicants

the burden of making proof as to matters about which ordinarily there should be no dispute and which, if the burden were placed on the applicant, would often require investigation into a field in which the facts were better known to the employer than to the applicant. Refusal to stipulate in cases where knowledge of the facts lies predominantly with the employer might smack of obduracy or ill will. Consequently to hold that where the employer stipulates he does so at the risk of inability to extricate himself if he finds that the facts are not as he thought them to be, would result in employers in all cases refusing to stipulate. In the instant case, moreover, the employer's information in regard to the accident, in all likelihood, came from the deceased. Where the salesman has an accident on the road away from the plant the employer naturally would accept as true the account of the accident as given by the salesman. And unless there were witnesses which the employer learned about or physical evidences marking the time and location, he might be compelled to rely altogether on the salesman's account. It would seem that the employer could not be accused of lack of diligence in taking the salesman's narration as the basis for the stipulation or of the report of the accident under circumstances such as are present in this case.

In the light of the stipulation of June 5, 1939, there was only one question to be decided, to wit: Was the death caused by injuries resulting from the accident? When the stipulation was withdrawn or completely negated two questions appeared, to wit: The question above propounded and (2) did the accident occur in the course of the employment? The Commission found both questions in favor of the applicant. In this we think it erred. There was evidence to sustain the finding that the death of the decedent resulted from injuries received in an accident occurring some time in March of 1938 but no substantial evidence that the accident occurred while deceased was in the plaintiffs' employment. The evidence,

as the record stands, is all to the contrary. The admissions being expunged there is no evidence that the accident occurred on March 17, 1938, but only that it occurred on March 20, 1938. Defendants contend that the report of the Company to the Commission dated March 25, 1938, which states that the deceased was injured on March 17, 1938, is some evidence of an injury on that date. What has been said above in regard to the stipulation is here in point. If it involves admission as to the date of the accident and in consequence that it occurred in the course of the employment, it must have been derived from the same source that gave rise to the stipulation. Under such circumstances a discovery that the wrong date had been given as the date of the accident, which discovery is placed in the record, negatives the statement in the report and renders the report insufficient to support a finding that the accident occurred on such date or insufficient to support a finding that the accident occurred in the course of the employment, where there is positive evidence, not hearsay, that the accident occurred at a time when the decedent was not engaged in the business of the plaintiff. The Commission, of course, may now go into the question of when the accident actually happened and any other questions upon which it may base a decision in this matter.

The award must be set aside. It is so ordered.

LARSON and McDONOUGH, JJ., concur.

MOFFAT, Chief Justice.

I concur in the result.

PRATT, Justice.

I concur. However, we should not consider reports or letters not introduced in evidence before the Commission. *Roberts* v. *Industrial Comm.*, 97 Utah 434, 93 P. 2d 494.