GENERAL MILLS, Inc., et al. v. INDUSTRIAL COMMISSION et al.

No. 6382.   Decided December 19, 1941.   (120 P. 2d 279.)

See 71 C. J. Workman's Compensation, sec. 930; 28 R. C. L., 827 (8 Perm. Supp. 6251).

*Devine, Howell & Stine, Neil R. Olmstead,* and *Shirley P. Jones,* all of Salt Lake City, for plaintiffs.

*George G. Armstrong* and *Dan B. Shields,* both of Salt Lake City, for defendants.

WOLFE, Justice.

Certiorari to review an award by the Industrial Commission. This case was before this court on a prior occasion, *General Mills, Inc.,* v. *Industrial Commission et al.,* 99 Utah 293, 105 P. 2d 340, 342, wherein a former award to Mrs. Olga Lassen Hansen, widow of Maruis Hansen, deceased, was set aside and the case remanded to the Commission for

the purpose of hearing further evidence as to whether or not the injuries to Hansen arose in the course of his employment and "any other questions upon which it may base a decision." The Commission on its own motion reopened the case and a deposition was obtained by the respondent from Curtis W. Straton, who was a witness to an accident on March 17, 1938, involving the deceased Hansen. Basing its decision on the evidence as therein brought out and on the evidence in the former hearings, the Commission again made an award to Mrs. Hansen, from which the plaintiffs appeal.

This court is called upon to determine the question of whether or not there is any evidence appearing of record to sustain the findings of the Commission.

The record of the former case is made part of the record in the instant case. The facts appearing therein are briefly as follows: Mr. Hansen was an employee of the Sperry Flour Company (trade name for Western Division of General Mills, Inc.). Mr. Straton in his deposition testified that on March 17, 1938, while driving south between Provo and Richfield on highway 91 at a point known as the Juab Dugway turn, he chanced to look in his rear vision mirror and perceive an automobile skidding on the slippery roadway, apparently out of control, and sliding into a ditch or barrow pit, coming to a sudden stop against an embankment. On stopping and returning to the scene of the accident, Mr. Straton recognized Mr. Hansen, an acquaintance of some ten or twelve years, Mr. Straton and several passers-by then succeeded with no little effort in pushing the car with Mr. Hansen at the wheel back on to the highway. Mr. Straton testified that Hansen at this time looked "either hurt or scared" but that "he didn't say he was all right, nor he didn't say he was hurt."

From the record, it appears that Mr. Hansen then drove into Richfield, where he held a sales meeting on the night of March 17th. The record is not clear as to Hansen's movements on the 18th or 19th of March. However, in the early

evening of the 20th of March, 1938—a Sunday—Mr. Hansen, and a woman companion who testified to these facts, were riding north between Richfield and Gunnison at a point near Sigurd, Utah, when Hansen's auto was forced off the road and struck by a hit and run driver moving rapidly in the opposite direction, damaging the left front wheel, fender and running board, and giving Hansen a "terrible jolt." At this time, Mr. Hansen complained to his companion of a "terrible lump on his stomach" and later of a "pain in his chest" which he had not mentioned previously. Mr. Hansen spent the night in Gunnison, Utah, returning to his home in Ogden, Utah, the following day where he sought medical aid on March 23, 1938, was hospitalized and subsequently died. Under the amended decision of the Commission on May 10, 1941, it reached a conclusion that Maruis Hansen suffered a compensable injury resulting in his death on March 17, 1938, and, accordingly, made an award to the widow.

It has been repeatedly held by this court that in reviewing the findings and conclusions of the Commission it will not weigh the evidence but merely determine whether some substantial competent evidence is to be found in support of the Commission's ruling. Mere "surmise, conjecture, guess, or speculation" is insufficient. *Higley* v. *Industrial Commission*, 75 Utah 361, 285 P. 306, 308, *Hutchings* v. *Industrial Commission*, 96 Utah 399, 87 P. 2d 11, *Bingham Mines Co.* v. *Allsop*, 59 Utah 306, 203 P. 644. Further, the burden is on the complainant to prove that the injury is compensable. *Spring Canyon Coal Co.* v. *Industrial Commission*, 58 Utah 608, 201 P. 173.

In the light of the evidence as set out in the record, the Commission erred in its conclusion based on the findings that Hansen suffered injury resulting in his death on March 17, 1938, for the reason that the finding lacks evidence to support it. The only supposedly substantial evidence as to the alleged accident of March 17, 1938, was the deposition of Mr. Straton. Mr. Straton's testimony establishes an ac-

cident. He clearly states that there was no evidence of "cuts or blood or anything." As to his personal observation of Hansen, no probability of an injury may be surmised from his statement that he looked "either hurt or scared," nor can such an interpretation arise out of his conversation with Hansen who answered upon being asked how he felt, "All right, I guess."

Mr. Hansen continued on to Richfield and conducted his sales meeting that evening and made no mention of his alleged physical injury to any of his business associates; further, he enjoyed the company of a Miss Peterson on Thursday or Friday and made no complaint to her. Not until after the accident near Sigurd, Utah, on March 20, 1938, did Mr. Hansen complain of any physical illness. According to the testimony of the son, Raymond Hansen, he saw his father at the home of the father "the day after the accident," and his father told him "how lucky he was for someone to come along and help him out of it." The accident they must have been talking about was that of March 20th because the son saw his father in Ogden, Utah, the "day after the accident." This must have been Monday because the father was in Gunnison Sunday night. Evidently the father had in mind the accident of Sunday as the event which he was concerned about.

We have then this situation: A man has an accident on March 17, 1938, but there is no evidence that he suffered any injury in that accident. On March 20, 1938, he has another accident. There is distinct evidence that he suffered injury from that accident. There is evidence that after the second accident he was in severe pain, that he had a ruptured stomach and liver. All the evidence points to the fact that he suffered these injuries because of the second accident. There is no evidence that the first accident caused them. It is quite unlikely that he would have conducted his business and carried on social pleasures without complaint of physical suffering or evidence of weakness for three days. In the light of the evidence which seems

plainly to show the second accident to be the cause of his injuries when there is *no* evidence to show the first accident to have caused any injuries, we must conclude that the action of the Commission in finding the first accident to be the cause of the injuries was not supported by evidence and therefore arbitrary.

The applicant having therefore failed to prove that the accident occurred in the course of employment, all the probable evidence indicating the contrary to be true, this court must of necessity reverse the amended award of the Commission. *Diaz* v. *Industrial Commission*, 80 Utah 77, 13 P. 2d 307; *Maryland Casualty Co.* v. *Industrial Commission*, 74 Utah 170, 278 P. 60; *Chief Consolidated Mining Co.* v. *Salisbury*, 61 Utah 66, 210 P. 929.

It is ordered that the award be set aside.

MOFFAT, C. J., and LARSON, McDONOUGH, and PRATT, JJ., concur.