463 P.2d 5

**Jack CHRISTIANSON and Murl Christianson, Plaintiffs and Appellants,**

v.

**Jeanne DEBRY, Defendant and Respondent.**

**No. 11685.**

Supreme Court of Utah.

Dec. 30, 1969.

---

1. Esernia v. Overland Moving Co., 115 Utah 519, 206 P.2d 621.

2. Graham v. Johnson, 109 Utah 346, 166 P.2d 230.

Howard & Lewis, Jackson B. Howard, Provo, for appellants.

James P. ·Cowley, Salt Lake City, for respondent.

HENRIOD, Justice:

Appeal by Christiansons from a judgment in their favor upon a jury verdict for damages which they contend was inadequate and given under the influence of passion and prejudice. Affirmed with costs to Debry.

This action arose out of a car collision. The jury awarded $1,054.59 special and $1,500.00 general damages.

Christiansons, in a case involving about 90 pages of medical testimony, rely on but one point: That the trial court erred in allowing a doctor to testify as to the possibility that plaintiff's symptoms were caused by a preexisting condition. Only two questions were asked on direct examination about this aspect of the case, to which objections were noted. Upon the answers to these two questions, the Christiansons rest their entire appeal. The dialogue mentioned was as follows:

"Q. Considering the nature of the degenerative disease you have observed in Mrs. C, I want to ask if you have an opinion as to whether or not that condition could account for the headaches  *  *  *

A. Yes it could  *  *  *

Q. I'll ask you again, Doctor, if you have an opinion within the degree of medical probability that that condition could cause the headaches  *  *  *

The Court: It is a matter of weight for the jury.

A. Within the degree of medical probability it can cause headaches  *  *  * "

Counsel for plaintiffs does not urge that without the quoted testimony, there was no evidence to support the verdict that was deemed by counsel, because of passion, or the admission of the evidence, to have been grossly inordinate. At any rate he

deemed it unnecessary to test the dialogue on cross-examination.

Counsel relied on two Utah cases only, Moore v. Denver & R. G. W. RR. Co.[1] and Chief Consol. Mining Co. v. Salisbury.[2]

Both of these cases support a hypothesis other than that contended for by plaintiffs. In fact, they appear more nearly to be authorities in favor of the defendant's answer and urgence. The thrust of each and both is to the effect that expert testimony as to the possibility of a cause may be admissible, but will not support a verdict if such testimony is the only basis upon which to arrive at a verdict. This, on the ground that such testimony alone is too speculative and unsubstantial to form the foundation for an award structure. Such principle, enunciated in both of those cases, was re-affirmed in the case of In re Richards' Estate,[3] and in Denney v. St. Mark's Hosp.[4]—which see. But that is not the case here nor is it claimed to be.

Irrespective of the above cases, and assuming, arguendo, that the doctor's answers should not have been admitted, nonetheless, the record in its entirety, would reflect that its admission was harmless error.

CROCKETT, C. J., and CALLISTER, TUCKETT and ELLETT, JJ., concur.

1.  4 Utah 2d 255, 292 P.2d 849 (1956).
2.  61 Utah 66, 210 P. 929 (1922).
3.  5 Utah 2d 106, 297 P.2d 542 (1956).
4.  21 Utah 2d 189, 442 P.2d 944 (1968).