Terry L. JOHNSON, Plaintiff,

v.

INDUSTRIAL COMMISSION OF UTAH;
Walter T. Axelgard, Chairman, Stephen
M. Hadley, Commissioner; and Milton
E. Saathoff, Commissioner, Defendants.

No. 17956.

Supreme Court of Utah.

July 1, 1982.

David Lloyd, Salt Lake City, for plaintiff.

David L. Wilkinson, Atty. Gen., Frank D.
Nelson, Asst. Atty. Gen., Salt Lake City, for
defendants.

1. U.C.A., 1953, 35–1–1, et seq.

2. U.C.A., 1953, 35–1–84 and –85 which render
the facts in such decision conclusive absent
prejudicial abuse of discretion.

PER CURIAM:

The Commission denied compensation in this case after an evidentiary hearing before an administrative law judge who concluded there was no entitlement under the Workmen's Compensation Act[1] based on the facts adduced.

The plaintiff is a truck driver who, in September, 1979, bumped his head on the cab of his truck in the course of his employment. He testified that it hurt "pretty bad for a second" and later told his employer it was no "biggie."

Following the accident, the plaintiff suffered from a headache and within several days there developed a loss of balance and paralysis or weakness in his right arm and leg. A Dr. Thoen attended plaintiff and suspected he was suffering multiple sclerosis, which the plaintiff rejected, suggesting it was "all due to my nerves." The symptoms continued and he saw two eye surgeons and two neurologists. One of them, a Dr. Barbuto, without any definite diagnosis, felt the symptoms would be "compatible with residuals from an old head injury." In March, 1980, the plaintiff, who claimed he could do only restricted types of work, filed for workmen's compensation. A medical panel concluded that the bump to his head played no part in his symptomatology. On the panel's recommendation, spinal tests were performed which confirmed this finding.

It appears that the weight of the evidence in this case does not compel this Court to reverse the administrative law judge's decision, affirmed by the Commission. On the contrary, the believable proof in this case calls for affirmance under the Act itself[2] and under the precedents of this Court.[3] The plaintiff's only support for compensation under the Act came from the suggestions of one neurologist in a non-di-

3. Chadwick v. Industrial Commission, Utah, 572 P.2d 400 (1977); Chief Consolidated Mining Co. v. Salisbury, 61 Utah 66, 210 P. 929 (1922).

agnostic setting. Even he stated that "there is no known way that [plaintiff's] accident would produce a positive spinal fluid study" and "it would not produce continued evolving symptoms."

Counsel for the plaintiff calls attention to a wealth of material dealing with "aggravation" cases generally, with which we have no quarrel. None of this material is applicable to the facts of this case, however.

The decision of the Commission denying the award is affirmed.