Terry L. JOHNSON, Plaintiff,

v.

INDUSTRIAL COMMISSION OF UTAH; **Walter T. Axelgard, Chairman; Stephen M. Hadley, Commissioner; and Milton E. Saathoff, Commissioner, Defendants.**

No. 17956.

Supreme Court of Utah.

March 10, 1983.

David Lloyd, Salt Lake City, for plaintiff.

David L. Wilkinson, Frank V. Nelson, Salt Lake City, for defendants.

HALL, Chief Justice:

This case is before us for the second time,[1] the Court having granted plaintiff's petition for rehearing. The issue presented is whether the Commission erred in its conclusion that the trauma to plaintiff's head played no part in his symptomatology of multiple sclerosis.

In its findings of January 19, 1981, the medical panel observed that it had a suspicion that plaintiff was a victim of multiple sclerosis and suggested further testing including spinal fluid studies to try to resolve the question whether the head trauma was causally connected to the exacerbated symptomatology of multiple sclerosis.

Subsequently, plaintiff underwent a spinal fluid determination, which showed a positive test for multiple sclerosis. This information was conveyed to the Commission by Dr. John P. Barbuto, plaintiff's treating neurologist, along with his observation that:

> [T]rama [sic] has been postulated as a mechanism to promote multiple sclerosis. There are certainly many reports to suggest that trauma will exacerbate multiple sclerosis which is already present. However, the debate regarding the etiology of multiple sclerosis has been going on for many years and probably will continue for years in the future. If we wish to avoid the folly of speculation and endless discussion of unresolvable issues, I think we are left with the following basic observation: Terry [plaintiff] was well, he hit his head on the truck, and he then presented with several *objective* neurologic abnormalities. We are not talking about a case of chronic pain syndrome or some other *subjective* problem in this case. We are talking about clear cut, definable, neurologic function loss.... [E]ven though I do not understand the relationship between the trauma and his symptoms, this does not mean that there is no relationship.... [Plaintiff's] history indicated a temporal relationship between the trauma and the onset of symptoms. [Emphasis in original.]

It thus appears that plaintiff had a preexisting condition described as multiple sclerosis and that the issue as to whether the injury to his head had the effect of exacerbating his preexisting condition was squarely presented to the Commission but was left undetermined.

Therefore, we remand to the Commission for the purpose of resolving whether the injury to plaintiff's head had any causal effect upon the exacerbation of his symptomatology of multiple sclerosis. Inasmuch as the medical panel did not have the benefit of the subsequent determination that plaintiff was suffering from a preexisting condition of multiple sclerosis, on remand the Commission should refer that issue to the medical panel for their determination and guidance in resolving the issues.

STEWART, OAKS, HOWE and DURHAM, JJ., concur.