MONK *v.* CHARCOAL IRON CO. OF AMERICA.

1. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—COMPENSABLE ACCIDENTAL INJURY—HEART DISEASE.

In proceedings under the workmen's compensation act, testimony by physicians that the death of an employee operating a steam crane was caused by shock and excitement incident to the breaking of a steam pipe and by his overexertion in attempting to pull the fire from the boiler to prevent an explosion justified the department of labor and industry in finding that decedent suffered an accidental personal injury arising out of and in the course of his employment and that such injury was a contributing cause of his death; and the fact that he had previous disease of the heart which may have contributed to his death is immaterial.

On conclusiveness of findings of commission as to whether injury was one "arising out of and in the course of" the employment, see annotation in L. R. A. 1918F, 915.

Death from heart disease as injury "arising out of and in the course of" the employment within meaning of workmen's compensation act, see annotation in 19 A. L. R. 110; 28 A. L. R. 209.

2. SAME—COMPENSATION JUSTIFIED WHERE INJURY CONTRIBUTED TO
   DEATH ALTHOUGH NOT SOLE PROXIMATE CAUSE.
      To authorize recovery under the workmen's compensation act
         for the death of an employee, it is not necessary that shock
         and excitement, which were found to be concurring causes,
         should have been the sole, proximate cause.

3. SAME—NOTICE—SUFFICIENCY.
      The finding of the department that notice of the injury was
         given, which was supported by evidence, is conclusive.

4. SAME—FAILURE TO REPORT ACCIDENT—FAILURE TO CLAIM COM-
   PENSATION WITHIN STATUTORY PERIOD.
      An employer failing to file a report of an accidental injury
         may have no advantage from claimant's failure to claim
         compensation within the statutory period.

Certiorari to Department of Labor and Industry.
Submitted January 9, 1929. (Docket No. 11, Cal-
endar No. 34,050.) Decided March 29, 1929.

Anna Monk presented her claim for compensation
against the Charcoal Iron Company of America for
the accidental death of her husband in defendant's
employ. From an order awarding compensation,
defendant brings certiorari. Affirmed.

*Derham & Derham,* for appellant.

*A. L. Sayles,* for appellee.

McDONALD, J. The defendant seeks by certiorari
to review an award of the department of labor and
industry granting compensation to the plaintiff and
her children as dependents of John Monk, deceased.

The plaintiff is the widow of the deceased. It is
her claim that his death resulted from an accidental
injury while employed by the defendant in operating
a revolving steam crane. The crane was on a flat
car and was used for handling logs. The boiler,

levers, etc., were inclosed in the cab of the crane located on one end of the flat car. A steam pipe projected over the end. While moving the car to a coal dock, this steam pipe came in contact with a charcoal buggy and was broken off. A dense cloud of escaping steam immediately enveloped the decedent who was in the cab. The boiler was carrying a capacity load of steam, and, fearful of an explosion, he attempted to pull the fire from under it. He had a weak heart, and it is claimed that, because of the shock and excitement due to the sudden escape of the steam and the fear of an explosion, he became physically unable to put out the fire. He called a fellow workman to assist him, then got out of the cab and sat down on a log apparently much exhausted. In a few minutes he got into his automobile and drove home. After dinner he rested awhile before driving back to the place where he was employed. He remained there for a few minutes, then returned to his home. Arriving there, he rested in bed for two hours. After he arose, he attempted to do some work in mending a chair but complained of feeling "done for." A few minutes later he dropped dead. This was about 4 o'clock in the afternoon. The accident happened at 11:30 a. m. A claim for compensation was made. The defendant denied liability on the ground that there was no accident and no injury and no causal connection whatever between decedent's death and his employment. On the hearing, the commission decided against this contention and filed an award for compensation in the sum of $14 per week for 300 weeks.

The principal question involved is whether the decedent suffered an accidental personal injury arising out of and in the course of his employment with the defendant and whether such injury was the

cause of his death. It is undisputed that for a considerable period prior to the accident the decedent had been afflicted with a heart ailment. He was able to do the work at which he was employed in the ordinary and normal way, but had been told by his family physician not to exert himself. On the morning of the accident he went to work as usual, showing no signs of weakness or sickness until after the breaking of the steam pipe. This was a sudden and unexpected occurrence. From his position in the cab the decedent could not see what had happened. He was afraid of an explosion and began to pull the fire from under the boiler. Gas and steam were coming from the coal on which he was working. He became exhausted and was unable to complete the work. From that time until his death on the same day he did not return to normal. His family physician was a witness at the hearing and gave as his opinion that:

"In view of the condition of his heart, I should say that any or all of those conditions that he must have experienced in first getting out of the cab, the excitement incident to pulling out the coal and the inhalation of steam and the inhalation of coal gas with more or less carbon would contribute very largely to his death in his condition.

"*Q.* What would you give as to your opinion as to the cause of his death that afternoon?

"*A.* The probability is that the final cause was acute dilation of the heart brought on by overstress and overstrain and excitement."

Other physicians who were called to testify for the plaintiff attributed his death to shock and excitement. Basing its action on these facts and the applicable law, the commission was justified in finding that the decedent suffered an accidental personal

injury arising out of and in the course of his employment, and that such injury was a contributing cause of his death. The fact that he had a previous disease of the heart which may also have contributed to his death is immaterial. The shock and excitement were concurring causes. It is not necessary that they should have been the sole, proximate cause. *Schroetke* v. *Jackson-Church Co.,* 193 Mich. 616 (L. R. A. 1917D, 64); *La Veck* v. *Parke, Davis & Co.,* 190 Mich. 604 (L. R. A. 1916D, 1277).

These cases also dispose of defendant's contention that there was no accident within the meaning of the compensation act.

Further complaint is made that no notice of the injury was given to the defendant and no claim for compensation made within the time provided by the statute. On the question of notice, the commission's finding is supported by evidence and is therefore conclusive. As to the failure to claim compensation within the statutory period, the defendant can have no advantage therefrom because it did not file a report of accidental injury. *Wilkes* v. *Railway,* 234 Mich. 629.

We find no error.

The award is affirmed, with costs to the plaintiff.

North, C. J., and Fellows, Wiest, Clark, Potter, and Sharpe, JJ., concurred. Fead, J., did not sit.