SINKIEWICZ *v.* LEE & CADY.

MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—ACCIDENTAL
   DEATH.
   Death of an employee from peritonitis caused by ruptured bowel
      brought on probably by lifting 100-pound sacks of sugar,
      which he was employed to do, was not accidental within the
      meaning of the workmen's compensation act, in absence of
      evidence of any unusual, fortuitous, or unexpected happening
      which caused the injury.

Certiorari to Department of Labor and Industry.
Submitted January 6, 1931. (Docket No. 6, Calendar No. 35,213.) Decided June 1, 1931.

Veronica Sinkiewicz presented a claim against
Lee & Cady, a corporation, for compensation on behalf of herself and minor children for the death of
her husband, Tony Sinkiewicz, while in defendant's
employ. Defendant and Hartford Accident & Indemnity Company, insurer, bring certiorari to review award to plaintiff. Reversed.

*Harold S. Knight* (*Kerr, Lacey & Scroggie,* of
counsel), for appellants.

McDONALD, J. In behalf of herself and minor
children, the plaintiff presented a claim for compensation against Lee & Cady for injuries resulting in
the death of her husband, Tony Sinkiewicz, while in
its employ. To review an order awarding compensation, the defendants have brought certiorari.

As to what constitutes accidental injury within the meaning of
workmen's compensation act, see annotation in L. R. A. 1916A, 32,
228; L. R. A. 1917D, 111; 25 A. L. R. 510.

Briefly stated, the facts show that on January 11, 1930, Tony Sinkiewicz was working for Lee & Cady as a laborer. His duties required him to pick up sacks and cases of sugar from the floor and place them on a truck. The sacks weighed 100 pounds and the cases 60. He was working alone when he received his injuries. His foreman found him lying on his hands and knees on a pile of sugar suffering great pain in the region of his abdomen. He said he had hurt himself lifting a bag of sugar. He was removed to the hospital and operated on. The doctor testified that he found a ruptured bowel about one-half inch long with considerable fecal matter through the peritoneal cavity. It was his opinion that the condition he found could be caused by trauma. There was no evidence of other causes.

The defendants admit that decedent was injured while in the employ of Lee & Cady and that his injuries resulted in his death, but they deny that the injury was accidental within the meaning of the workmen's compensation act (2 Comp. Laws 1929, § 8407 *et seq.*).

In its opinion upon which the award was based, the commission pointed out no direct evidence as to how the decedent received his injury. Its conclusion that it was due to an accident is by inference from circumstances shown in the following statement, which we quote from the opinion:

"We have presented a case of a young man who had worked steadily for his employer for a period of 16 years and never complained of any disability; and on this particular morning was found lying on a bag of sugar on the premises of the employer, and it was necessary to remove him to his home. He was operated on the next day for peritonitis and died a few days later. This peritonitis could be

brought on according to the undisputed testimony by trauma.''

Do these circumstances justify the inference that his condition was due to an accident? We think not. But it is not necessary to indulge in inferences as to what caused the injury. There is direct evidence of it. He told his foreman that he had hurt himself lifting a bag of sugar. If he injured himself in that way, and there is no evidence direct or circumstantial to the contrary, he did not suffer an accidental injury within the meaning of the compensation law. He was injured while doing the work he was employed to do and doing it in the usual manner. To justify compensation for accidental injury, there must have been "some unusual, fortuitous or unexpected happening which caused the injury and which was in essence accidental in character." *Kutschmar* v. *Briggs Manfg. Co.,* 197 Mich. 146 (L. R. A. 1918 B, 1133); *Stombaugh* v. *Peerless Wire Fence Co.,* 198 Mich. 445.

In this case there is a total lack of evidence tending to show accident. The commission was not justified in awarding compensation. The award is vacated.

BUTZEL, C. J., and WIEST, CLARK, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.