## SWEDBERG v. STANDARD OIL CO.

1. EVIDENCE—HEARSAY—WIDOW—DOCTOR—INTESTINAL HEMORRHAGE.
   Testimony by widow in proceeding for compensation for accidental death of husband that he had told her he had slipped while loading barrels of oil for defendant and testimony of doctor that, in taking history of condition of employee who died later from intestinal hemorrhage, latter had said a barrel had slipped while he was loading it *held*, incompetent as hearsay.

2. WORKMEN'S COMPENSATION—HEARSAY TESTIMONY—CROSS-EXAMINATION.
   In compensation proceeding in which sole testimony in support of theory injury resulted from accident was incompetent as hearsay but was admitted over objection, defendant's cross-examination of witnesses thereon did not constitute a new introduction of evidence of the same facts by defendant nor waive its rights under objections raised, where same facts were not proved by independent testimony.

3. SAME—ACCIDENT—PROXIMATE CAUSE.
   There was no basis for finding that death of employee was due to accident while handling barrels of oil, where there was testimony that intestinal hemorrhage which followed had three possible causes, the only testimony to the effect that the injury was due to accident was incompetent as hearsay and there was positive testimony directly disproving it.

Appeal from Department of Labor and Industry. Submitted January 11, 1935. (Docket No. 66, Calendar No. 38,072.) Decided April 8, 1935.

Anna Swedberg and her minor children presented their claim for compensation as dependents against the Standard Oil Company, a corporation, for the accidental death of Albert Swedberg while in defendant's employ. Award to plaintiffs. Defendant appeals. Reversed.

*Frank E. Hook* and *A. L. Rummel* (*Ray Derham*, of counsel), for plaintiffs.

*E. W. Massie* (*C. Henry Austin*, of counsel), for defendant.

FEAD, J. This is a compensation case in which the question is whether there was any competent evidence of an accident.

Albert Swedberg was agent, bookkeeper and truck driver for defendant at Ironwood. In the afternoon of July 13, 1933, he and another employee rolled five barrels of oil upon a truck and upended them. The barrels weighed about 480 lbs. each. The truck and loading rack were substantially of the same height. Frequently one man did the loading. The upending of the barrel was not a matter of heavy lifting but involved some skill. Treloar, who worked with Swedberg, testified that neither Swedberg nor any of the barrels slipped. The work was within Swedberg's ordinary employment, performed in an ordinary way and without unusual features.

Swedberg had been complaining of feeling sick in the morning. After loading the barrels he became ill, and died four or five days later from intestinal hemorrhage. The hemorrhage could have been produced by a large number of causes, among them abdominal strains. The testimony indicates at least three possible causes present here, straining at stool, handling the oil barrels in the regular way, or sudden jar from slipping.

If the hemorrhage was caused by Swedberg handling the oil barrels in the ordinary way, there was no accident. *Sinkiewicz* v. *Lee & Cady*, 254 Mich. 218; *Kutschmar* v. *Briggs Manfg. Co.*, 197 Mich. 146 (L. R. A. 1918 B, 1133). The only testimony of accident was the statement of Mrs. Swedberg, that her husband told her he had slipped while loading the

truck, and that of a doctor that, in the history of his condition, Swedberg had said a barrel had slipped while he was loading.

This testimony and other alleged statements made by Swedberg were taken over the constant objection of defendant that they were hearsay. Without such testimony there was no proof of an accident.

The hearsay testimony was incompetent. *Ginsberg* v. *Burroughs Adding Machine Co.*, 204 Mich. 130; *Reck* v. *Whittlesberger*, 181 Mich. 463 (Ann. Cas. 1916 C, 771, 5 N. C. C. A. 917).

After the commissioner admitted the hearsay testimony, over objection by defendant, the latter cross-examined the witnesses thereon. Plaintiffs claim that the answers upon such cross-examination constituted new introduction of evidence of the same facts by defendant and it cannot complain of the former incompetent testimony. Such contention has no foundation in reason or authority. Upon the ruling of the court admitting incompetent testimony, the opposing party has full right of cross-examination without waiver of rights and may rely upon the objections unless by independent testimony he otherwise proves the same fact. *Collins* v. *Lamotte*, 244 Mich. 504; *Kost* v. *Bender*, 25 Mich. 515, 519; 40 Cyc. p. 2351; 70 C. J. p. 373.

There being several possible causes of the injury appearing from the testimony and the accidental cause being directly disproved by positive testimony, there was no basis for conclusion that the injury arose from such cause. Plaintiffs did not make the required proof.

Reversed.

POTTER, C. J., and NORTH, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred. NELSON SHARPE, J., did not sit.