WILLIAMS *v.* NATIONAL CASH REGISTER CO.

WORKMEN'S COMPENSATION — LIFTING CASH REGISTER — HERNIA — ACCIDENT.

  Salesman who lifted cash register from car seat and carried it to store to exhibit to prospective customer in his common method of doing his work and suffered an inguinal hernia as result thereof *held*, not to have sustained an accident compensable under the workmen's compensation act (2 Comp. Laws 1929, § 8407 *et seq.*).

Appeal from Department of Labor and Industry. Submitted June 11, 1935. (Docket No. 83, Calendar No. 38,393.) Decided September 9, 1935.

J. J. Williams presented his claim for compensation against National Cash Register Company, employer, and Indemnity Insurance Company of North America, insurer, for an alleged accidental injury sustained while in defendant's employ. Finding for plaintiff. Defendants appeal. Reversed.

*Bishop & Weaver,* for defendants.

WIEST, J.   Plaintiff, while employed by defendant as a salesman, carried a sample cash register, weighing about 150 pounds, on the front seat of his automobile, and which he commonly lifted from the seat and carried into business places to exhibit to prospective purchasers. July 6, 1934, he parked his car at the curb of a street and, standing on the curb or sidewalk, reached down, lifted the cash register from the seat and carried it into a store. He claimed that the register was "pretty low down" when he picked it up, and felt a pain in his left groin and a left inguinal hernia developed.

Was the hernia the result of an accident? In lifting the cash register plaintiff was at the moment engaged in his usual employment and common method of removing the register from the car seat.

In *Kutschmar* v. *Briggs Manfg. Co.*, 197 Mich. 146 (150 L. R. A. 1918B, 1133), it was said:

"He (the workman) was engaged at the moment of his injury in his usual and ordinary employment and in the usual and ordinary way. In the course of such employment it was his duty to lift the iron bar once in about every 15 minutes, about 90 or 100 times a day. We are of opinion that an employee who receives an injury in the nature of a hernia, while engaged in his usual and ordinary employment, without the intervention of any untoward or accidental happening, is not within the provisions of the compensation act, which as we have held provides compensation for *accidental* injury only."

See *Stombaugh* v. *Peerless Wire Fence Co.*, 198 Mich. 445; *Tackles* v. *Bryant & Detwiler Co.*, 200 Mich. 350; *Sinkiewicz* v. *Lee & Cady*, 254 Mich. 218, all lifting cases and where awards were vacated. See, also, *Marlowe* v. *Huron Mountain Club*, 271 Mich. 107.

The fact that plaintiff reached slightly down to lift the register did not render the hernia the result of an untoward or fortuitous happening.

The finding of an accident within the meaning of the workmen's compensation act (2 Comp. Laws 1929, § 8407 *et seq.*) is vacated, with costs to defendants.

POTTER, C. J., and NELSON SHARPE, NORTH, FEAD, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.