HOOKS v. CITY OF WYANDOTTE.

WORKMEN'S COMPENSATION—HERNIA—ACCIDENT.
    Fatal hernia, sustained by helper on city ash and rubbish truck
    when lifting drum of ashes *held*, not a compensable injury in
    absence of evidence of intervention of any untoward or ac-
    cidental happening.

Appeal from Department of Labor and Industry. Submitted October 21, 1936. (Docket No. 116, Calendar No. 39,151.) Decided December 9, 1936.

Emma Hooks, widow, and her minor children, as dependents, presented their claim for compensation against City of Wyandotte, a municipal corporation, for the accidental death of Thomas Hooks while in defendant's employ. Award to plaintiffs. Defendant appeals. Reversed.

*Frank P. Darin* and *Frank L. Amprim,* for plaintiffs.

*W. Hugh Williams* (*Marr & Cahalan* and *Charles A. Swaby,* of counsel, for defendant.

FEAD, J. Thomas Hooks was employed by defendant as helper on a truck, collecting ashes and other refuse in the city alleys. It is claimed that while he and his truck driver were lifting a drum of ashes, to empty into the truck, he sustained a hernia, for which he afterwards had an operation, and died. The department awarded compensation to the widow.

The truck driver testified that Hooks made no complaint of injury to him until the next day, that nothing unusual happened while they were lifting the drum and he did not see the drum or Hooks slip, jerk or twist.

The testimony most favorable to plaintiff is that of a timekeeper who said that an hour and a half after the loading, Hooks told him he had hurt his back, and:

"He explained about lifting a drum of ashes or rubbish or something, it was froze and they jarred it loose and when he went to lift it, he heard something crack, he hurt himself."

Accepting the testimony without passing on its competency, nevertheless it does not indicate that the injury occurred otherwise than when the work was being done in the usual and ordinary way and without the intervention of any untoward or accidental happening. That no accident, within the meaning of the compensation law, was shown is settled by repeated decisions. *Williams* v. *National Cash Register Co.*, 272 Mich. 553; *Marlowe* v. *Huron Mountain Club*, 271 Mich. 107; *Swedberg* v. *Standard Oil Co.*, 271 Mich. 184; *Sinkiewicz* v. *Lee & Cady*, 254 Mich. 218; *Tackles* v. *Bryant & Detwiler Co.*, 200 Mich. 350; *Kutschmar* v. *Briggs Manfg. Co.*, 197 Mich. 146 (L. R. A. 1918B, 1133).

Award vacated.

NORTH, C. J., and WIEST, BUTZEL, BUSHNELL, SHARPE and TOY, JJ., concurred. POTTER, J., did not sit.