DAVIS *v.* GENERAL DEVICES & FITTINGS MANFG. CO.

WORKMEN'S COMPENSATION — ACCIDENTAL INJURY — DISARRANGED SEMI-LUNAR CARTILAGE.

Finding that alleged injury to employee, consisting of a dis-arranged semi-lunar cartilage, was brought on when employee was lifting a pan of castings, weighing about 10 pounds, from the floor, which he was employed to do, was accidental within meaning of workmen's compensation act *held*, not sup-ported by sufficient evidence in absence of proof of any un-usual, fortuitous or unexpected happening which caused the injury.

Appeal from Department of Labor and Industry. Submitted January 6, 1937. (Docket No. 33, Calendar No. 39,167.) Decided March 1, 1937.

Larry Davis presented his claim for compensation against General Devices & Fittings Manufacturing Company, employer, and Liberty Mutual Insurance Company, insurer, for personal injuries sustained while in defendant's employ. Award to plaintiff. Defendants appeal. Reversed.

*Kerr, Lacey & Scroggie,* for defendants.

NORTH, J. This is an appeal by defendants from an award of compensation made to plaintiff. The only question presented is whether there is any testimony tending to sustain the finding of the department that plaintiff suffered an industrial accident.

A part of plaintiff's duties in his regular employment consisted of lifting pans of castings from the floor. At the time of the alleged injury he was lifting from the floor a pan of castings weighing about 10 pounds. As set forth in his application for compensation his injury was a "disarranged semi-lunar cartilage." Plaintiff in his testimony on cross-examination, and without subsequent explanation or denial, gave the details of the alleged accident as follows:

"I was picking up a pan of castings; as I raised up I felt a snap in my left knee. * * * As though something (snaps finger). I am always careful in my work to avoid hurting myself. I have to squat down in this manner at least once a day and sometimes four or five times a day. * * * I was squatting in my usual way and raised up in my usual way when this occurred; I was lifting up on the casting[s?] at the time my knee snapped. The weight I was lifting was about 10 pounds."

In response to questions propounded by the deputy commissioner, plaintiff testified as follows:

"*Q.* When was the last—how many hours or days before you got down this way, squatted down to get these castings, had it been that you had done that before?

"*A.* Well I had been doing that off and on; I have to do that every day. * * *

"*Q.* So far as you know there wasn't anything happened to you different than at other times you did it?

"*A.* So far as I can remember, no.

"*Q.* And you didn't go at it in any different way?

"*A.* So far as I know I didn't. Of course, you know you don't pay any attention to anything like that."

In view of the foregoing record the instant case falls squarely within the former decisions of this court to which attention is hereinafter called; and the following quotations from two of such decisions are particularly applicable:

"There is no evidence of mischance or miscalculation in what was being done, none of anything fortuitous or unexpected in the manner of doing it." *Stombaugh* v. *Peerless Wire Fence Co.*, 198 Mich. 445.

"The record is absolutely barren of any evidence that anything untoward or unusual happened in the course of his employment * * * or that he exerted himself in any unusual manner or to an unusual degree. He was doing the work which he and his associates were employed to do exactly in the manner they expected to do it." *Roach* v. *Kelsey Wheel Co.*, 200 Mich. 299, 307.

The decisions of this court are to the same effect in the following cases: *Kutschmar* v. *Briggs Manfg. Co.*, 197 Mich. 146 (L. R. A. 1918 B, 1133); *Tackles*

v. *Bryant & Detwiler,* 200 Mich. 350; *Sinkiewicz* v. *Lee & Cady,* 254 Mich. 218; *Williams* v. *National Cash Register Co.,* 272 Mich. 553; *Marlowe* v. *Huron Mountain Club,* 271 Mich. 107.

Because there is no testimony in this record tending to sustain plaintiff's claim of an accidental injury, the award of the department must be vacated. Appellants will have costs.

FEAD, C. J., and WIEST, BUTZEL, BUSHNELL, SHARPE, POTTER, and CHANDLER, JJ., concurred.