WAITES *v.* BRIGGS MANUFACTURING CO.

WORKMEN'S COMPENSATION—PAIN IN BACK—LIFTING AUTOMOBILE DOOR PANELS—OCCASION MUST BE UNEXPECTED TO RENDER INJURY COMPENSABLE.

> Woman whose work consisted of tying threads on inside automobile door panels while seated at a table and who occasionally picked up four 3½ to 4-pound panels at a time when employee whose duty it was to keep her supplied with them was absent *held,* not to have sustained a compensable injury, within meaning of workmen's compensation act, upon occasion when she picked up six panels and felt a pain in her back as she lifted them to the table; the work being done in the usual and ordinary way and without intervention of any untoward or accidental happening, fact that more panels were carried than at other times not making the event an unexpected one.

Appeal from Department of Labor and Industry. Submitted April 22, 1937. (Docket No. 104, Calendar No. 39,154.)  Decided May 21, 1937.

Ellen Waites presented her claim for compensation against Briggs Manufacturing Company, employer, and Ætna Casualty & Surety Company, insurer, for injuries sustained while in defendant's employ.  Award to plaintiff.  Defendants appeal. Reversed.

*S. Gerard Conklin,* for plaintiff.

*Kerr, Laccy & Scroggie,* for defendants.

SHARPE, J.  This is an appeal by defendants from an award of compensation made to plaintiff.  The facts in so far as they pertain to the happening of the claimed accident are not in dispute.

On January 2, 1936, plaintiff was employed as a bench worker in the sewing room in the Meldrum plant of the defendant Briggs Manufacturing Company. Her work consisted of tying threads on inside automobile door panels while seated at a table. These inside door panels were made of cardboard with cloth sewed on them and each panel weighed from 3½ to 4 pounds. It was the duty of another employee to lift the panels from a conveyor and give them to the women tying threads. Occasionally when the fellow employee was absent and the women were in need of more panels, they would get up from their chairs, pick up several panels from the conveyor, and return to their places. At about 11 a. m., on the morning of January 2, 1936, plaintiff was in need of more panels. She picked up six panels from the stock on the floor, walked to her chair, a distance of from 8 to 10 feet, and as she lifted them to the table she felt a pain in her back, with resulting injuries.

Plaintiff claims that she had frequently picked up four panels, but this was the first time she had ever picked up six panels, and that the injury she sustained was the result of an unusual and unexpected happening not to be looked for in the usual and ordinary method of performing her duties as a bench worker.

We have held that a workman did not sustain an accidental injury within the meaning of the workmen's compensation law when it appeared that he was injured while lifting or carrying an object and that such injury was not brought about by an unexpected event. In *Marlowe* v. *Huron Mountain Club,* 271 Mich. 107, we said:

"Plaintiff was a strong and apparently able-bodied and reliable man and to the casual observer

appeared in good health.  In accepting and delivering these mails sacks, he was doing and performing the precise services he desired and intended to do. The manner of handling these mail sacks was in plaintiff's discretion.  There is no proof he stumbled, slipped, fell or suffered any undue or unexpected strain, or did anything which compelled him to make unexpected or violent movements due to any miscalculation or chance on his part.  He received no blow, jar or shock of any kind, expected or unexpected, and there was nothing unusual or out of the ordinary in his handling of the mail sacks, and certainly nothing which suggested, dictated or directed he should carry two of them at a time.''

In *Hooks* v. *City of Wyandotte,* 278 Mich. 232, we said:

''It (the testimony) does not indicate that the injury occurred otherwise than when the work was being done in the usual and ordinary way and without the intervention of any untoward or accidental happening.  That no accident, within the meaning of the compensation law, was shown is settled by repeated decisions.''

See, also, *Williams* v. *National Cash Register Co.,* 272 Mich. 553; *Davis* v. *General Devices & Fittings Manfg. Co.,* 279 Mich. 103; *Tackles* v. *Bryant & Detwiler Co.,* 200 Mich. 350; *Sinkiewicz* v. *Lee & Cady,* 254 Mich. 218.

We are of the opinion that plaintiff did not sustain an accidental injury within the meaning of the compensation act.  The pain appeared in her back while she was lifting the door panels on the table and after she had carried them a distance of 8 or 10 feet.  It was not brought about by her slipping or falling. She was doing her work in the way she had ordinarily done it.  She was doing what she had intended

to do and the fact that she lifted more panels upon this occasion than at other times does not make the event an unexpected one.

Because there is no testimony in this record tending to sustain plaintiff's claim of an accidental injury, the award of the department must be vacated. Appellant may recover costs.

FEAD, C. J., and NORTH, WIEST, BUTZEL, BUSHNELL, POTTER, and CHANDLER, JJ., concurred.