Allen *v.* WOLVERINE EXPRESS, INC.

Workmen's Compensation—Lifting Quarter of Beef—Hernia—Accident.

Truck operator, engaged in his usual work, who suffered hernia in lifting a fore quarter of beef to hook about six feet above floor of truck over some boxes along the side thereof *held,* not to have sustained an accident compensable under the workmen's compensation act (2 Comp. Laws 1929, § 8407 *et seq.*).

Appeal from Department of Labor and Industry. Submitted April 9, 1937. (Docket No. 46, Calendar No. 39,335.) Decided May 21, 1937.

Lyle C. Allen presented his claim for compensation against Wolverine Express, Inc., employer, and Hartford Accident & Indemnity Company, insurer, for an alleged accidental injury sustained while in defendant's employ. Award to plaintiff. Defendants appeal. Reversed.

*Clifford A. Mitts, Jr.* (*Robert A. May,* of counsel), for defendants.

WIEST, J.   Plaintiff, a truck operator in the employ of defendant express company, while engaged in loading his truck at a warehouse in Chicago, suffered a hernia in lifting a fore quarter of beef to a hook about six feet above the floor of the truck. Boxes had been loaded along the side of the truck and, instead of pulling the hook toward him on the meat rail, running crosswise of the truck, he reached over the boxes to hang the beef upon the hook and, as he placed the meat on the hook, felt a sharp pain indicative of hernia.   He was engaged in his usual work but, it is claimed, that the extra exertion in lifting the quarter of beef, weighing about 100 pounds, over the boxes caused the hernia.

An accidental injury was adjudged by the department of labor and industry but, inasmuch as plaintiff had lost no time and had been put to no expense, compensation was denied.   Defendants have appealed, claiming there was no accidental injury and, therefore, the denial should be on that ground and not merely of present compensation.   Defendants rely upon our holdings in *Kutschmar* v. *Briggs Manfg. Co.*, 197 Mich. 146 (L. R. A. 1918 B, 1133); *Stombaugh* v. *Peerless Wire Fence Co.*, 198 Mich. 445; *Sinkiewicz* v. *Lee & Cady*, 254 Mich. 218; *Marlowe* v. *Huron Mountain Club*, 271 Mich. 107; *Williams* v. *National Cash Register Co.*, 272 Mich. 553.

The opinion of the department mentioned these cases but stated:

"In the instant case, it cannot be said that plaintiff could anticipate that he would suffer a hernia or any other injury merely because he was reaching a little farther than usual in order to hang up the quarter of beef.   The fact that plaintiff did sustain a hernia while performing his work, though in a different manner than was usual because he had to reach

farther than he usually did, indicates that he suffered an accidental injury within the meaning of the workmen's compensation act* in the citations listed above."

In *Williams* v. *National Cash Register Co., supra,* we passed upon the point here involved. There the employee reached down to lift a cash register out of an automobile parked at the curb of a street and the extra exertion, it was claimed, constituted the hernia occasioned thereby an accidental injury. We there held:

"The fact that plaintiff reached slightly down to lift the register did not render the hernia the result of an untoward or fortuitous happening."

The same rule holds to reaching up.

The award is vacated, with costs to defendants.

FEAD, C. J., and NORTH, BUTZEL, BUSHNELL, SHARPE, POTTER, and CHANDLER, JJ., concurred.