NAGY v. CONTINENTAL DIE CASTING CORP.

WORKMEN'S COMPENSATION—HERNIA—ACCIDENT—EVIDENCE.

Employee engaged in tipping second barrel of scrap on contents of first barrelful which had been dumped on floor and who claims to have suffered a sharp pain that was followed by a right indirect inguinal hernia *held*, not entitled to compensation where evidence shows he had been engaged for some time in lifting boxes weighing about 60 pounds, no claim is made of slipping or of any unusual circumstances except weight of the barrel and that he continued working over two months thereafter.

Appeal from the Department of Labor and Industry. Submitted January 4, 1938. (Docket No. 11, Calendar No. 39,645.) Decided February 24, 1938.

Julius Nagy presented his claim against Continental Die Casting Corporation, employer, and Zurich General Accident & Liability Insurance Company, insurer, for compensation for injuries suffered in defendant's employ. Award to plaintiff. Defendants appeal. Award vacated.

*Marcus & Marcus,* for plaintiff.

*Kerr, Lacey & Scroggie,* for defendants.

WIEST, C. J.   Plaintiff was a common laborer in the employ of the Continental Die Casting Corporation and claims that, on the 28th day of February, 1936, while engaged, with a fellow worker, in emptying an iron barrel of zinc scrap metal, he suffered a "right indirect inguinal hernia." A previous barrel of scrap had been emptied upon the floor and it was while emptying the second barrel upon the pile from the first that he claims he felt a sharp pain and the hernia followed. He kept at work thereafter until discharged in May, 1936, and at times was engaged in lifting boxes weighing about 60 pounds. The barrel was tipped over with the top resting upon the pile of scrap from the previous barrel and then the bottom tilted up to spill the contents. This had been a part of his work for some time but, he claims, that the barrel was heavier than usual.

No claim is made of slipping or of any unusual circumstances except the weight of this barrel.

The department, after criticizing our holdings, stated:

"The commission of labor and industry is justified in grasping at a straw to make industry absorb, as a cost of production, its human wreckage or rather the rehabilitation and compensation of same, and in so doing it is merely following a clearly defined public demand, based upon a re-awakened public conscience, as evidenced in the unemployment insurance act already enacted and the occupational disease act and other social legislation under consideration by the legislature, including, incidentally, compensation for hernia even though unaccidental."

Of course, we shall limit consideration, as the department should have done, to applicable law.

The opinion of the department is only helpful in vacating the award.

Our previous holdings on the issue here presented clearly dispose of the case, and we cannot help observing that the department departed therefrom with the fillip that they were "justified in grasping at a straw."

There was no accidental injury.

The instant case is ruled by *Perkins* v. *Jackson Cushion Spring Co.*, 206 Mich. 98; *Sinkiewicz* v. *Lee & Cady*, 254 Mich. 218; *Marlowe* v. *Huron Mountain Club*, 271 Mich. 107; *Williams* v. *National Cash Register Co.*, 272 Mich. 553; *Allen* v. *Wolverine Express, Inc.*, 279 Mich. 621; *Waites* v. *Briggs Manfg. Co.*, 280 Mich. 185.

The award is vacated, with costs to defendants.

BUTZEL, BUSHNELL, SHARPE, POTTER, CHANDLER, NORTH, and McALLISTER, JJ., concurred.