O'NEIL *v.* W. R. SPENCER GROCER CO.

WORKMEN'S COMPENSATION—DEATH—PROXIMATE CAUSE—EVIDENCE: In proceeding by dependents of defendant grocery company's salesman, who called on retail grocers in a city, for death claimed to have been due to personal injury arising out of and in the course of his employment or because of disability from an occupational disease, plaintiffs would not be entitled to recover where there is no evidence of either a fortuitous event, that he received an injury from an accident growing out of and in the course of his employment or that death was due to causes and conditions characteristic of and peculiar to the business of the employer and which arises out of and in course of the employment but there is evidence that death of deceased, who weighed 380 pounds, was due to heart failure, a disease of life to which the public in general is exposed (2 Comp. Laws 1929, § 8417, as amended by Act No. 245, Pub. Acts 1943; Act No. 10, pt. 7, § 1, Pub. Acts 1912 [1st Ex. Sess.], as added by Act No. 61, Pub. Acts 1937, and amended by Act No. 245, Pub. Acts 1943).

Appeal from Department of Labor and Industry. Submitted October 8, 1946. (Docket No. 8, Calendar No. 43,420.)   Decided December 2, 1946.

A. Ione O'Neil and another presented their claim, as dependents, for compensation for death of Bernie P. O'Neil against W. R. Spencer Grocer Company, employer, and Employers Mutual Liability Insurance Company, insurer. Award to plaintiffs. Defendants appeal. Reversed.

*Haskell L. Nichols,* for plaintiffs.

*Alexander, Cholette, Buchanan, Perkins & Conklin,* for defendants.

SHARPE, J.   Plaintiffs are the widow and minor son of Bernie P. O'Neil who died from cardiac failure on February 11, 1944. Deceased was a man 54 years of age, weighing about 380 pounds. He had been employed for several years by the W. R. Spencer Grocer Company as a salesman calling on retail grocers in the city of Jackson. Beginning late on the evening of February 10, 1944, about eight inches of snow had fallen up to 9 a.m., on the morning of February 11th.

On February 11, 1944, Mr. O'Neil made calls on various grocers during the forenoon and went home for lunch. During the afternoon he also called on various customers. About 4:45 p.m., deceased's car was seen stuck in the snow. Two or three boys were attempting to push it, while deceased was standing by the car steering it. About 5 p.m., he parked his car in the street in front of his home, went into the house, worked on some orders, ate dinner with his family, and then drove back to the office to attend a sales meeting at 7 p.m.

After the meeting was over, an assistant manager of the company rode home with Mr. O'Neil to a point four blocks from Mr. O'Neil's home. Mr. O'Neil appeared to be in normal health at that time. About 8:30 or 8:45 p.m., Mr. O'Neil came in the front door of his home. He was breathing hard, there was a bloody froth coming from his mouth, and he appeared to be in distress. He expired shortly after his arrival at home, before a doctor could be summoned.

Plaintiffs filed an application for hearing for adjustment of claim upon the theory that deceased had suffered a personal injury arising out of and in the course of his employment or became disabled from an occupational disease. Plaintiffs urge that deceased had suffered a personal injury; and that the fortuitous event was the effort occasioned by the hazard of driving his car while roads were covered with a mantle of snow.

Defendants contend that deceased died of natural causes without the intervention of a fortuitous event; or that death was due to over exertion causing a strain on the heart when Mr. O'Neil made an effort to drive his car into his driveway after he had completed work for the day and had reached his home.

In awarding compensation, the department of labor and industry made the following finding of facts:

"The exact cause of his death, other than cardiac failure is not shown. There is medical testimony indicating over exertion might bring on cardiac failure. A diseased heart is more susceptible to strain by over exertion than a normal heart. Here we have a man with an abnormal heart which could easily be strained by over exertion, who does exert himself in the car incident and dies approximately four

hours later.  Under those circumstances we are constrained to conclude that he did over exert himself and strain his heart in attempting to free his car and that that incident aggravated a pre-existing heart condition has hastened his death.  Deceased was required to use a car in his work.  The hazards of the street associated with an unusually heavy fall of snow were incident to his employment for the reason that transportation was an essential part of his employment.  We find the deceased sustained a personal injury arising out of and in the course of his employment."

Defendants appeal and urge that there was no fortuitous event resulting in injury to deceased; that the disease was not characteristic of and peculiar to the business of the employer; and that the cause of death was an ordinary disease of life.

In *Hagopian* v. *City of Highland Park*, 313 Mich. 608, 619, 621, 625, the opinion of Mr. Chief Justice Butzel reads in part as follows:

"We have frequently held that under the compensation act, prior to the adoption of the occupational disease amendment, one performing the ordinary work for which he is hired cannot recover unless there is an accident or a fortuitous event causing the disability.   *   *   *

"The amended act itself was not intended to cover aggravation of pre-existing disease without an accident or fortuitous event.   *   *   *

"It properly was restricted to accidents and occupational diseases."

The fortuitous event relied upon by the department is stated as follows:

"The deceased's work as a salesman required the use of his car.  It was necessary for him to travel on the streets in whatever condition they might be.  On one occasion at least, he was seen to be stuck with his car in the snow.  He was alongside of the

car steering the wheel *and undoubtedly was helping to free the car.*"

The record is void of any evidence that deceased was seen pushing the car. The driving of his car in heavy snow throughout the day cannot be termed a fortuitous event. It was an experience common to all motorists in the city of Jackson on that particular day. Moreover, from 4:45 p.m., when deceased was having trouble with his car, until about 8:30, when deceased drove his superior officer to within four blocks of his home, there was no testimony indicating that deceased was other than normal. In our opinion, plaintiffs have failed to supply competent evidence of the fact that deceased received an injury from an accident growing out of and in the course of his employment.* Nor can it be said that the death of Mr. O'Neil was caused from a disease due to causes and conditions which are characteristic of and peculiar to the business of the employer and which arises out of and in the course of the employment. The record substantiates the claim that deceased's death was due to a disease of life to which the public in general is exposed.†

The award is set aside, with costs to defendants.

Butzel, C. J., and Carr, Bushnell, Boyles, Reid, North, and Dethmers, JJ., concurred.

---

* See 2 Comp. Laws 1929, § 8417, as amended by Act No. 245, Pub. Acts 1943 (Comp. Laws Supp. 1945, § 8417, Stat. Ann. 1946 Cum. Supp. § 17.151).—Reporter.

† See Act No. 10, pt. 7, § 1, Pub. Acts 1912 (1st Ex. Sess.), as added by Act No. 61, Pub. Acts 1937, and amended by Act No. 245, Pub. Acts 1943 (Comp. Laws Supp. 1945, § 8485–1, Stat. Ann. 1946 Cum. Supp. § 17.220).—Reporter.