## SCHLANGE v. BRIGGS MANUFACTURING COMPANY.

WORKMEN'S COMPENSATION—TOOLMAKER—CORONARY THROMBOSIS—
ACCIDENT.
  Where toolmaker, while machining some metal was required
    to exert an unusual amount of pressure against a machine lever
    in order to hold his stock in place and while so exerting pres-
    sure the stock slipped and plaintiff jerked himself against
    the machine and at about the same time felt a pain in his
    chest which was followed by numbness in his hand and leg,
    diagnosed as coronary thrombosis, the finding by the work-
    men's compensation commission that the unusual and strenu-
    ous exertion caused his disability but did not constitute an
    accidental injury was erroneous as a matter of law, since
    the resulting injury resulting from the accidental circum-
    stances, being aggravated by the pre-existing condition, was
    compensable.

Appeal from Workmen's Compensation Commis-
sion. Submitted October 14, 1949. (Docket No. 4,
Calendar No. 44,162.) Decided January 9, 1950.

Max Schlange presented his claim for compensa-
tion against Briggs Manufacturing Company, em-
ployer, and Aetna Casualty & Surety Company,
insurer, for disability attendant upon coronary
thrombosis. Award to defendants. Plaintiff ap-
peals. Reversed and remanded.

REFERENCES FOR POINTS IN HEADNOTES
58 Am Jur, Workmen's Compensation, §§ 247, 255.
Workmen's compensation: Compensation for death or injury from
overexertion and excitement. 6 ALR 1256.
Workmen's compensation: Injury or death to which pre-existing
physical condition of employee causes or contributes. 19 ALR 95;
28 ALR 204; 60 ALR 1299.

*Marcus, Kelman & Loria* and *Alan N. Brown,* for plaintiff.

*Lacey, Scroggie, Lacey & Buchanan,* for defendants.

Bushnell, J. Plaintiff Max Schlange has appealed from an order of the workmen's compensation commission denying his claim for compensation. He was employed by defendant Briggs Manufacturing Company as a toolmaker. Prior to the time of his injury his work usually consisted of machining round stock about 6 feet long and 1 inch in diameter, held in his machine by a round collet, or chuck. The collet was split into 3 sections and worked inside a cylinder which was controlled by means of a hand lever above Schlange's head. By pressing on the lever the cylinder was pushed forward, forcing the collet to press against the stock. Ordinarily this cylinder would maintain its forward position by catch ridges and no more pressure would need to be exerted on the lever once the cylinder was in position.

On the day in question, Schlange was machining hexagonal stock which should have been held in place by a hexagonal collet. Since no hexagonal collet was available, he had to use a round collet. Because of this, pressure was exerted only on the edges of the hexagonal stock, and Schlange was required to exert an unusual effort on the lever to hold this stock in place. While thus operating his machine the hexagonal stock slipped inside the round collet. The collet slackened, the cylinder released, and moved the lever. Plaintiff testified: "The hex moved, and I jerked myself against the machine." About the same time Schlange felt a pain in his chest and, about 10 minutes later, numbness in his hand and leg. He left work immediately, went to the near-by

parking lot, and drove his car downtown to his own doctor's office, while still experiencing pain. The doctor testified that he found Schlange suffering from a coronary thrombosis. Up to the time of hearing he had not been able to return to work.

The department, on review of a denial of his claim by the deputy, found that "plaintiff's 'jerk' was accidental but did not cause his disability. The unusual and strenuous exertion did cause his disability but did not constitute an accidental injury."

The controlling question is whether Schlange suffered a compensable accidental injury.

The factual aspects of this case are distinguishable from those of *Hagopian* v. *City of Highland Park,* 313 Mich 608. Here, there is a fortuitous circumstance which consisted of Schlange performing his usual work in an unusual manner and with the exertion of unusual force. Thus the case falls within our holdings in *La Veck* v. *Parke, Davis & Co.,* 190 Mich 604 (LRA1916D 1277); *Schroetke* v. *Jackson-Church Co.,* 193 Mich 616 (LRA1917D 64); *Piggott* v. *Ross & Wentworth,* 234 Mich 634; and *Monk* v. *Charcoal Iron Company of America,* 246 Mich 193.

We have not, as the commission indicates, overruled these authorities by our holdings in *Williams* v. *National Cash Register Co.,* 272 Mich 553; *Allen* v. *Wolverine Express, Inc.,* 279 Mich 621; *Waites* v. *Briggs Manufacturing Co.,* 280 Mich 185; and *Nagy* v. *Continental Die Casting Co.,* 283 Mich 162. On the contrary, the authorities cited, *supra,* were expressly approved in *Hagopian* v. *City of Highland Park, supra,* 625, and 628.

The circumstances were accidental in nature, and the injury resulting therefrom, though aggravated by a pre-existing condition, is compensable.

The finding of the department, being erroneous in law, is vacated. The cause is remanded for fur-

ther proceedings in accordance with this opinion. Costs to appellant.

REID, NORTH, DETHMERS, CARR, and SHARPE, JJ., concurred with BUSHNELL, J. BOYLES, C. J., concurred in the result. BUTZEL, J., did not sit.