MAY *v.* A. H. POWELL LUMBER COMPANY.

1. WORKMEN'S COMPENSATION—BULLDOZER OPERATOR—DEATH—GAS FUMES—CORONARY ATHEROSCLEROSIS.

Operator of defective bulldozer, who had worked all day in gas fumes from hot oil, which caused coughing and vomiting and which was followed by death from coronary atherosclerosis within 24 hours thereafter did not suffer an accidental death, compensable under part 2 of the workmen's compensation act, where it cannot be said that either the breathing of the fumes or the continuing effect thereof was accidental in nature (CL 1948, § 412.1 *et seq.*).

2. SAME—FINDINGS OF COMMISSION—EVIDENCE—INFERENCES.

The finding of the workmen's compensation commission that death suffered by bulldozer operator was caused by an accidental aggravation of a pre-existing heart condition may not be sustained, where not supported by testimony, or by legitimate inference therefrom (CL 1948, § 413.12).

3. SAME—ACCIDENTAL AGGRAVATION OF HEART CONDITION—STATUTES.

A claim for workmen's compensation because of an accidental aggravation of a pre-existing heart condition resulting in death must be determined on the factual situation presented and in the light of the provisions of the workmen's compensation act as construed by the Supreme Court.

ADAMS and BUSHNELL, JJ., dissenting.

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 58 Am Jur, Workmen's Compensation § 252.
[2, 3] 58 Am Jur, Workmen's Compensation §§ 196, 247.
[2, 3] Workmen's compensation: Injury from fumes or gases as accident or occupational disease. 6 ALR 1466; 23 ALR 335; 90 ALR 619.
Conditions of bodily organs due to particles of dust or other material incident to work as compensable within workmen's compensation act not covering occupational diseases. 62 ALR 1460; 97 ALR 1412.
Lead or other occupational poisoning as within workmen's compensation act. 29 ALR 691; 44 ALR 371.

Appeal from Workmen's Compensation Commission. Submitted October 10, 1952. (Docket No. 40, Calendar No. 45,475.) Decided January 5, 1953.

Goldie May, widow, and minor children presented their claim for compensation arising from death of Victor May against A. H. Powell Lumber Company, employer, and State Accident Fund, insurer. Award to plaintiffs. Defendants appeal. Reversed.

*Eugene R. Zinn,* for plaintiffs.

*Edward W. Massie,* for defendants.

Bushnell, J. (*dissenting*). Plaintiffs are Goldie May, the widow, and Janet, Victor, Glenn and Gloria, the minor children of Victor May, who died at his home in Watersmeet, Michigan about 4 o'clock in the morning of December 23, 1949. He was 32 years of age. Mrs. May testified that he had never been sick or treated by a doctor. The death certificate reads: "Disease or Cause of Death—Pending Autopsy Report."

Some of the vital organs of the deceased were sent by the prosecuting attorney to the University of Michigan Hospital for examination. Dr. Carl V. Weller, who made the pathological examination, certified that:

"Coronary disease furnishes an adequate explanation for the death of this patient. * * * From the gross and microscopic examination there is nothing to indicate that one need look beyond the coronary arteries for the cause of death."

May had skidded and loaded logs in the woods with a bulldozer for about 3 years prior to his death. On December 22d the bulldozer which May operated had a leak in the radiator and 20 to 25 gallons of Diesel

oil were required to keep the motor cool, the normal quantity used being only 3 to 5 gallons. May worked the entire day before his death with the defective bulldozer, notwithstanding the fumes and smoke which resulted from the hot oil which splashed over the motor. He gagged and coughed that day and complained later about pains in his neck and left shoulder. He left the woods about 5 p.m. with other workmen and drove into town some 16 miles distant. He stopped at a tavern, where he and one of his companions had 2 or 3 beers. He arrived home about 8:30 in the evening, washed up, "turned sick to his stomach," and vomited. He later ate his supper of cabbage, ham and fried potatoes, played with the baby for a while, and went to bed, about 10 o'clock. He again vomited after he got in bed, and about 2:30 awoke, complaining about pains in his shoulder. His wife put hot packs on his back, and he went to sleep. He awoke again about 4 o'clock, had difficulty in breathing, and expired.

Although it is apparent that May was not aware of the fact, he nevertheless, according to Dr. Weller, had an "advanced coronary atherosclerosis with nearly complete obliteration of both the left and right coronary stems." Dr. M. A. Gertz, plaintiffs' witness, was of the opinion that, from the hypothetical question presented to him, May "sometime would have died the same kind of death that he did." He was also of the opinion "that there could very definitely be a connection between this man's death on the day he died and the events which took place prior to his death."

Dr. H. A. Pinkerton, a witness for the defendant employer, testified at length regarding "advanced coronary arteriosclerosis," and, after analyzing the pathological report of Dr. Weller, concluded that, if a man were sitting in smoke, fumes and vapors caused by oil going over a hot motor, and he was

coughing, such fumes and the coughing and vomiting they produced could have contributed to his death by aggravating a pre-existing heart condition. He thought, however, that it was more logical to assume that death resulted in this case when it did, independent of any external causes. Neither physician had examined or treated May during his lifetime.

The deputy awarded compensation to the widow and dependent children, which award was affirmed on review by the commission, with some modifications that were required because of Mrs. May's remarriage.

The defendant employer and his insurer raise questions regarding May's employment and the sufficiency of the notice given by plaintiffs. Aubrey H. Powell, who said he was the defendant in this case, testified that Victor May was in his employ on or about December 22, 1949, as a bulldozer operator, and had been so employed by him for about 3 years. The widow testified that Powell talked to her in her home at 9 o'clock on the morning of December 23d, and that she told him what had happened. She stated that he wanted to know if she thought that her husband's death had been caused by the bulldozer, and said that if "I thought it was caused from the bulldozer I should go ahead and see if I could collect compensation."

Powell admitted talking to Mrs. May, but denied that she said anything at that time about making a claim for compensation. He recalled receiving a letter from plaintiffs' attorney regarding the claim, but could not remember the date. It was necessary for counsel to take the stand and testify regarding the formal notice, its mailing, et cetera. There can be no question about the employment or the notice. The only matter in dispute is whether May's death resulted from an accident arising out of and in the course of his employment.

We do not repeat here what we have recently said regarding compensation for death from heart ailments in the absence of any fortuitous event. That situation is thoroughly discussed in *Hagopian* v. *City of Highland Park,* 313 Mich 608; *Poindexter* v. *Department of Conservation,* 316 Mich 235; and *O'Neil* v. *W. R. Spencer Grocer Co.,* 316 Mich 320.

The situation presented in the instant case is comparable to that in *Schlange* v. *Briggs Manufacturing Co.,* 326 Mich 552. In that case, Schlange was performing his usual work in the usual manner, but with the exertion of unusual force. While operating his machine the hexagonal stock on which he was working slipped, and he was jerked against the machine, felt a pain in his chest, and later numbness in his hand and leg. He immediately went to his physician, who found him suffering from a coronary thrombosis. An award of compensation, because of Schlange's inability to return to work, was affirmed.

In the instant case, May worked all day in gas fumes from hot oil, which caused coughing and vomiting, and within 24 hours after the occurrence, in the course of his employment, of those fortuitous circumstances, he died from coronary atherosclerosis.

There is competent testimony to support the commission's findings and award.

As stated in the *Schlange Case:*

"The circumstances were accidental in nature, and the injury resulting therefrom, though aggravated by a pre-existing (coronary) condition, is compensable."

The award should be affirmed, with costs to appellees.

ADAMS, J., concurred with BUSHNELL, J.

CARR, J. I am not in accord with Mr. Justice BUSHNELL's conclusion that the award of compen-

sation in this case should be sustained. The application for hearing and adjustment of claim filed in behalf of plaintiffs alleged that on the 22d of December, 1949, May "while working with defective tractor, was overcome by smoke and fumes causing coughing, gagging, vomiting and overtaxed heart resulting in death." Testimony taken on the hearing before the deputy commissioner tended to establish, as the compensation commission found, that for some time prior to the date mentioned May had a serious heart condition described as "advanced coronary atherosclerosis with nearly complete obliteration of both the left and right coronary stems." Whether or not he was aware of such condition does not appear.

On the 22d of December, 1949, May was in the employ of the defendant A. H. Powell Lumber Company, and was engaged in operating a bulldozer. The machine was defective, became overheated after short periods of use, and, in consequence, consumed several times the amount of oil normally used in its operation. Fumes resulting from the use of the oil caused May to become nauseated and to gag and cough. However, he continued his work throughout the day under the conditions stated. His death occurred at approximately 4 a.m. the following day.

Plaintiffs submitted their claim for compensation on the theory that the inhaling of the fumes and the consequent effect thereof on May were accidental or fortuitous, and that the heart condition with which he was afflicted was thereby aggravated to such an extent as to cause his death. The award of compensation was made under part 2 of the workmen's compensation law* and was based, as appears from the findings of the compensation commission, on the general conclusion that plaintiffs' theory was supported

---

* CL 1948, § 412.1 *et seq.* (Stat Ann 1950 Rev § 17.151 *et seq.*).— REPORTER.

by competent proof. In consequence the question is presented here whether or not there was testimony on the hearing which, properly construed, supports the finding that the aggravation of May's heart condition resulted from an occurrence, or occurrences, accidental in character.

In discussing the interpretation of pertinent provisions of the workmen's compensation law, and after commenting on prior decisions, Mr. Justice BUTZEL said in his opinion in *Hagopian* v. *City of Highland Park,* 313 Mich 608, 625:

"We have never applied it nor does the language warrant its application to cases where there has been no accident or fortuitous circumstance aggravating a pre-existing disease which was not occupational in character within the meaning of the amendment. To do so might result in far-reaching consequences not intended by the legislature."

In *O'Neil* v. *W. R. Spencer Grocer Co.,* 316 Mich 320, an award of compensation based on facts somewhat analogous to those in the case at bar was set aside on the ground that there was no competent evidence that the employee received an injury from an accident arising out of and in the course of his employment. In *Kasarewski* v. *Hupp Motor Car Corp.,* 315 Mich 225, it was recognized that compensation may not be granted under part 2 of the workmen's compensation law because of the aggravation of a pre-existing hernia unless such aggravation has resulted from an accidental injury. In *Mooney* v. *Copper Range R. Co.,* 318 Mich 120, the employee, who suffered from a cancerous condition, was injured as the result of slipping and falling. An award of compensation was upheld on the ground that there was competent testimony to show that the accident had accelerated the condition from which the employee was suffering at the time. See, also,

*Poindexter* v. *Department of Conservation,* 316 Mich 235; *Arnold* v. *Ogle Construction Company,* 333 Mich 652. In these decisions and others of like import this Court has construed the statute as not permitting an award of compensation based on part 2, under facts analogous to those here involved, unless the disability has resulted from an accidental occurrence. In the case at bar the award cannot be sustained unless there is testimony in the record to support the conclusion that, on December 22, 1949, May received an accidental injury in the course of his employment and arising therefrom resulting in the aggravation of his heart condition.

No claim is made that the defective condition of the tractor resulted from an accident or that May inhaled the fumes that caused him to cough, gag and vomit, because of some unexpected event. Rather, the aggravation of the heart ailment relied on by the plaintiffs resulted, not from an unexpected and unforeseen occurrence but from conditions existing throughout the day, which conditions were known to May and to his fellow workers. The breathing of the fumes was constant and continuous, and May coughed and gagged on several occasions while operating the bulldozer. Under the circumstances it cannot be said that either the breathing of the fumes or the continuing effect thereof was accidental in nature. The finding of the commission in this respect is not supported by testimony, or by legitimate inferences therefrom.*

Plaintiffs cite and rely on *La Veck* v. *Parke, Davis & Co.,* 190 Mich 604 (LRA1916D, 1277); and *Schlange* v. *Briggs Manufacturing Co.,* 326 Mich 552. In the first case the employee was awarded compensation on the basis of an accidental injury received by him arising out of and in the course of his employment.

---

* See CL 1948, § 413.12 (Stat Ann 1950 Rev § 17.186).—REPORTER.

He was working in a room heated to a high temperature and under other adverse conditions. Testimony in the case indicated that he suffered a cerebral hemorrhage which resulted in paralysis. The industrial accident board came to the conclusion that the hemorrhage was an accidental occurrence and based the award thereon. This Court affirmed on the ground that there was testimony to support such finding. In the *Schlange Case* the plaintiff, while engaged in his employment, was thrown or jerked against the machine that he was operating. That such occurrence was accidental was not disputed. Plaintiff testified that at the time of the accident he felt a sharp pain under his left chest and that he thought someone had shot him "right through my left breast." Such testimony was not disputed. The workmen's compensation commission came to the conclusion that although plaintiff had suffered an accident the aggravation of his coronary condition actually resulted from unusual and strenuous exertion on his part. On appeal this Court reversed the order of the commission, holding:

"The circumstances were accidental in nature, and the injury resulting therefrom, though aggravated by a pre-existing condition, is compensable."

Under the record in the case the conclusion is unavoidable that the accident that occurred, if not the direct cause of the heart injury, was, in any event, a potent contributing factor to the strain and exertion that Schlange underwent.

The facts in the cases relied on by plaintiffs differ materially from those in the case at bar. A claim for compensation, of the character here involved, must be determined on the factual situation presented and in the light of the provisions of the statute as construed by this Court. As previously noted, plaintiffs here based their claim on the theory that May suf-

fered an accidental injury aggravating his coronary ailment. Such claim was based on part 2 of the workmen's compensation law, and it is not contended on this appeal that the award may be sustained on any other basis or theory. There is no testimony in the record to support the finding that the events causing the aggravation of the employee's condition were accidental. Such being the case the award of the commission cannot be sustained.

The cause is remanded to the commission with directions to vacate the award entered. Defendants may have costs.

DETHMERS, C. J., and BUTZEL, SHARPE, BOYLES, and REID, JJ., concurred with CARR, J.